### TIMOTHY SMITH *vs.* HENRY J. WHITING & others.

Whether or not the judge presiding at the trial of a civil suit will allow the defendant to amend his answer is a matter of discretion; and so not a subject of exceptions.

If a plaintiff in replevin neglects to prosecute the replevin to final judgment in conformity with the condition of his bond, the defendant in replevin may have judgment for nominal damages in an action on the bond, even if he had no lawful title in the replevied property.

CONTRACT on a replevin bond conditioned that the defendant Whiting should " prosecute said replevin to final judgment," &c. At the new trial in the superior court, before *Rockwell*, J., after the decision reported 97 Mass. 316, the same facts were proved or admitted which were found at the former trial, showing, among other things, that the replevied property consisted of two

impounded heifers, and that the defendant Whiting, then the plaintiff in replevin, never entered his writ nor prosecuted the action of replevin further than to give the bond and to receive the heifers from the officer. The defendants moved to amend their answer so as to set up in defence, " that all the plaintiff's claims, if any he had, to the cattle, had been fully paid and satisfied at the time the replevin writ was served." This motion the judge refused. The defendants then offered to prove "that the plaintiff was not the owner of the cattle replevied, nor entitled to the possession thereof, but in intermeddling with them was a trespasser and wrongdoer from the beginning; that the cattle were not taken from his possession or control, nor from the pound; and that all claims which he pretended to have at the time of impounding the cattle were paid and discharged by the officer before serving the replevin writ, and payment was received by the poundkeeper in satisfaction thereof, and no other expenses were incurred." But the judge ruled that these facts, if proved, would be no defence; and directed a verdict for the plaintiff for nominal damages, which was returned; and the defendants alleged exceptions.

*A. J. Bartholomew,* (*G. F. Verry* with him,) for the defendants.

*J. H. Stockwell,* (*P. E. Aldrich* with him,) for the plaintiff.

CHAPMAN, C. J. 1. The motion to amend the defendants' answer was addressed to the discretion of the presiding judge; and his decision is not subject to exception.

2. Even if the amendment had been made, the evidence offered did not tend to establish a legal defence. The defendant had sued out a writ of replevin against the plaintiff, under the authority of which he had taken the cattle from the plaintiff's possession, upon giving the bond in suit. As he failed to prosecute his action, the plaintiff is entitled to judgment on his bond for nominal damages, at the least, because the condition of the bond is broken. Nominal damages are all that he now claims. *Exceptions overruled.*