ALDERMAN, SHERIFF, v. ROESEL.

1. BONDS—CLAIM AND DELIVERY.—A plaintiff in a claim and delivery suit commits a breach of his bond, conditioned to prosecute the action, when he discontinues the suit before final judgment.

2. IBID.—IBID.—In an action for technical breach of a bond in claim and delivery, conditioned to prosecute, the recovery may be merely nominal, in absence of any proof of actual damages.

Before TOWNSEND, J., Aiken, February, 1897. Reversed.

Action by Owen Alderman, sheriff of Aiken County, *v.* E. A. Roesel and Henry Getzen. Judgment for defendant. Plaintiff appeals.

*Messrs. G. W. Croft & Son,* for appellant (cite no cases).

*Messrs. Henderson Bros.,* contra, cite: *When charge too favorable to party cannot complain: Long* v. *Ry.,* 50 S. C. *Judgment of dismissal is proper in claim and delivery when defendant denies allegations, does not retake property or ask for judgment for value:* Code, 299; 38 S. C., 508. *Finding of fact not appealed from final:* 47 S. C., 547. *No damage under bond unless loss:* 2 McM., 197; 37 S. C., 41; 18 S. C., 371. *Exception pointing out no specific error too general:* 46 S. C., 95. *Admission of irrelevant testimony may be cured in charge:* 50 S. C., 129.

March 28, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a suit on a bond executed to plaintiff by defendant, Roesel, as principal, and defendant, Getzen, as surety, in an action of claim and delivery for personal property, in the case of E. A. Roesel *v.* Owen Alderman, as sheriff. The conditions of the bond are: "For the prosecution of the plaintiff in the Court of Common Pleas against the defendant for wrongfully detaining the said property, for the return to the defendant of the said property, or so much thereof as shall be taken by virtue of the said affidavit and requisition thereupon indorsed, if a

return thereof shall be adjudged, and for the payment to him of such sum as may for any cause be recovered in this action against the plaintiff." The only breach alleged is is that Roesel did not prosecute said action, but let fall and dismissed the same. The defendant, Roesel, was not served with process in this case, and did not appear and answer. The defendant, Getzen, so far as need be stated here, answered, alleging that the said action was duly prosecuted, and was legally ended and dismissed, as required in said bond. On this issue the case was submitted to a jury.

Plaintiff, with other evidence, offered in evidence an order of Judge Izlar, granted in the said case of E. A. Roesel *v.* Owen Alderman, sheriff, which reads as follows: "It appearing to the Court that the above entitled action is for claim and delivery of personal property which had been levied upon by the sheriff, and it further appearing that said levy has been released; on motion of John Gary Evans, plaintiff's attorney, it is ordered, that plaintiff have leave to withdraw his complaint, and that this action be discontinued." Evidence was offered to show that counsel for defendant in that action objected to this order, but no appeal was taken therefrom. The jury in this case found for the defendant, and the principal grounds of appeal here allege errors of the Circuit Judge in charging certain propositions and in refusing to charge certain propositions, as to the construction and effect of the above order of Judge Izlar. We need not consider the exceptions in detail. They make it incumbent on this Court to state the construction and effect of said order.

Judge Izlar, in a case at law like that wherein the issues of fact were to be tried by a jury, had no jurisdiction to find as matter of fact that Sheriff Alderman had released the levy on the property replevied; therefore, so much of his recital as finds this as a fact should be ignored in construing the effect of said order. The effect of the order was to grant leave to Roesel, on his own motion, to discontinue the action upon payment of the costs. No evidence was adduced in reference to the payment of costs, and

no issue was raised on that question for submission to the jury. The complaint alleged that defendant had let fall and dismissed the action, and the answer of the defendant alleges that the action was ended and dismissed. It must be assumed, therefore, that the condition upon which the action was discontinued, the payment of costs, has been met. The order, then, was a mere order of discontinuance, at the instance of Roesel. Is such discontinuance of an action a breach of the condition of the bond to prosecute? To prosecute an action, so far as concerns the matter in hand, is to carry it on to final effect, and so the bond in question is conditioned to carry on the action to effect. Where a plaintiff abandons his action, fails to prosecute it, discontinues it on his motion, or where it is dismissed for want of prosecution, there is a breach of the condition to prosecute. It was, therefore, error for the Circuit Judge to charge the jury that the order of Judge Izlar discontinued the suit and ended the liability of the defendant, Getzen, under such bond. If the complaint of Roesel had been dismissed after a hearing on the merits, that would have constituted a defense to a suit for breach of the condition to prosecute; but a voluntary discontinuance by him is no defense in such case. Even if it be true that Sheriff Alderman released the levy on the replevied goods after the execution of the bond in question, we do not see how that fact could have any weight in determining the question, whether there was a breach of the bond, so far as the condition to prosecute is concerned. If the suit had been for breach of the condition, for return of the property, &c., it may be that the fact, that the sheriff has released the levy, would operate as a waiver of the condition for the return of the property, or as an estoppel against him to show breach of a condition, the performance of which he had voluntarily rendered impossible or improper by yielding up the only right he had acquired over the property, his right under the levy. But the condition to prosecute is separate and distinct from the condition for return of the property, and what

might operate as a waiver or as an estoppel as to one condition does not necessarily so operate as to another condition. The suit in the case of Roesel *v.* Alderman, sheriff, was for the recovery of the property in question, and damages for the alleged unlawful seizure and detention thereof. The release by the sheriff of said property from levy, after action brought and after execution of the replevin bond, could not operate to destroy Roesel's cause of action, although it might operate to lessen the recovery for damages for unlawful seizure and detention, if the seizure and detention were in fact unlawful. This may have influenced the sheriff in releasing said levy. But whatever the explanation of the sheriff's conduct, it was Roesel's duty, under his bond, to prosecute for the unlawful detention of said property up to the time of said release, to have carried the cause to final effect; and failing in this, he has rendered himself and surety liable for breach of that condition.

The Circuit Judge further charged, "that if the jury find that the plaintiff, Alderman, as sheriff, has been put to no pecuniary loss by reason of failure of E. A. Roesel to prosecute him (said Alderman), as conditioned in said bond, then he cannot recover, and the verdict must be for the defendant, Getzen." This was error. In an action for breach of a bond, with condition to prosecute, the recovery must be limited to the damages actually sustained by the plaintiff in said suit; but where a technical breach of the bond is shown, while there should be a recovery for something, the recovery may be merely nominal, in the absence of proof of actual damages. On proof of a breach of the condition, plaintiff was entitled to a verdict for something. It was misleading, also, to say, in effect, that the damages recoverable were merely the "pecuniary loss" sustained by Alderman, as sheriff. The sheriff may not have yet been put to any "pecuniary loss," and still, by reason of Roesel's failure to prosecute the action, he may sustain damage. He had levied on the property as the property of Theodore F. Roesel, under an execution in the

case of Gus V. Bright Butcher Supply Company *v.* Theo-
dore F. Roesel, and he may be called on to account for
said property. The replevin bond enured not only for the
sheriff's protection, but was also for the protection of the
interest of the execution creditor in the property levied
upon. A prosecution to effect by E. A. Roesel, in his action
to recover the property, may be, or might have been, im-
portant for the protection of the sheriff, as well as the exe-
cution creditor, since such a prosecution may have resulted
in a judgment for the return of such property to the sheriff;
or it may have resulted in a judgment for the property in
favor of E. A. Roesel, in which case the sheriff could show
a lawful disposition of the property seized by him.

The foregoing views render it unnecessary to consider
the grounds of appeal further, as there must be a new trial.

The judgment of the Circuit Court is reversed, and the
case remanded for a new trial.