WHITE BLAKESLEE MANUFACTURING COMPANY v. E. J. RHODES.

(Filed 25 May, 1910.)

### Claim and Delivery—Prosecution Bond—Plaintiff's Default—Inquiry —Assessment of Damages—Judgment—Procedure.

The plaintiff in claim and delivery proceedings, having filed his complaint, given the bond, and obtained the property sought therein, and having failed to appear at the trial and prosecute his action, judgment of nonsuit was entered, and the jury having ascertained on issue submitted the amount of damages defendant had sustained by reason of the seizure and detention of the property: *Held*, no error in the judgment of the lower court, in effect, that the property seized under claim and delivery be returned to defendant, and if this could not be done, that defendant recover of plaintiff and his surety the penal sum of the bond, to be discharged upon payment of the damages assessed by the jury, with order that execution issue to enforce the judgment. *Phipps v. Wilson*, 125 N. C., 106, cited and distinguished.

APPEAL by plaintiff from *Joseph S. Adams, J.,* at September Term, 1909, of BUNCOMBE.

The facts are sufficiently stated in the opinion of the Court.

*S. G. Bernard* for plaintiff.
*Frank Carter* and *George A. Shuford* for defendant.

WALKER, J. This action was brought by the plaintiff for the recovery of certain machinery described in the complaint. The plaintiff caused to be instituted proceedings in claim and delivery, and gave an undertaking with the usual condition in the sum of $1,000 for the prosecution of the action by the plaintiff, in the Superior Court of said county, against the defendant, for wrongfully seizing and detaining the said property, and for the return of the property to the defendant or for the payment of damages for the detention and deterioration of the property, if return thereof cannot be had, in case the plaintiff should fail to prosecute the action without success.

It is stated in the case that the plaintiff filed a complaint, but failed to appear and prosecute the action when the same

was called for trial, and judgment of nonsuit was thereupon
entered against the plaintiff after he had been called and failed
to answer. The court thereupon submitted an issue to the jury
as to the damages the defendant had sustained by reason of
the seizure and detention of the property, and the jury assessed
the damages at $590, with interest from 5 April, 1905. The
court further adjudged that the property seized by the sheriff
and delivered to the plaintiff be returned to the defendant, and
if upon execution issued it cannot be seized thereunder and
returned as required by the order of the court, that the defend-
ant recover of the plaintiff and its surety, the American Bond-
ing Company, the sum of $1,000, which was the penalty of the
plaintiff's bond, to be discharged upon the payment of the sum
of $590, with interest thereon, that being the amount of dam-
ages assessed by the jury. The court further ordered execution
to issue for the enforcement of its judgment. The American
Bonding Company alone appealed from the judgment of the
court. A motion was made in this Court to dismiss the appeal,
as the Bonding Company was not a party to the suit and, under
the facts and circumstances as they appear in the record, had
no right to appeal from the judgment of the court. No ques-
tion was raised as to the costs which were adjudged to be paid
by the plaintiff and its surety.

*Manix v. Howard,* 82 N. C., 125, settles the question pre-
sented in the case against the contention of the appellant, and
it is only necessary for us to refer to what is therein said by
*Justice Dillard* for the Court, which is as follows: "It is set-
tled that whenever a party is deprived of the possession of
property by the process of the law in proceedings adjudged
void, an order for restitution will be made as a part of the
judgment. *Perry v. Tupper,* 70 N. C., 538; *Dulin v. Howard,*
66 N. C., 433. Upon the same reason, if a plaintiff, in the ac-
tion of claim and delivery, in which action both parties are
actors, procured property to be taken out of the hands of the
defendant and put into his possession, and then dismiss his
action, it ought to be a part of the judgment to put the parties
*in statu quo.* Such a course of proceeding seems to be neces-
sary; otherwise, the plaintiff, under color of legal process, will
perpetrate a fraud on the law and be allowed to keep property
the title to which was *prima facie* in the defendant, from whom
it was taken at the beginning of the suit. In all cases where
issue is joined on pleadings filed, the defendant on the trial
may have a verdict on the right, and fixing the value; or, if
plaintiff neglect or refuse to come to trial of the issue joined,
the defendant may have judgment as of nonsuit for the prop-
erty, with an assessment of value on a writ of inquiry, followed

by a judgment in either case in the alternative: that is to say, for the property, if to be had, and if not, then for the value. And it is equally necessary in all cases, whether issue be joined or not, in prevention of fraud, to provide, on plaintiff's motion to dismiss or discontinue, for a like judgment in the alternative."

The case of *Phipps v. Wilson,* 125 N. C., 106, upon which the appellant relied in this Court, presented a very different state of facts from those we find in the record now before us. In that case the court rendered judgment upon a counterclaim pleaded by the defendant, without any inquiry into the lawfulness of the seizure by the plaintiff of the defendant's property. The pleadings or proceedings in that case, as will appear by reference thereto, presented this issue, and the Court decided that it should have been determined in favor of the defendant before he was entitled to a judgment upon his counterclaim. That is not our case, for here the plaintiff has failed to comply with the express condition of its bond, and failed to appear and prosecute its action as it was required to do. The defendant did not ask for any judgment on the counterclaim he had pleaded in the case, but merely for judgment according to the condition of the plaintiff's bond, that is, for a return of the property unlawfully seized by the plaintiff, and in case such return could not be had under the process of the court, then the recovery of the damages assessed by the jury. In any view of the case, there was no error in the judgment of the court below, even if the Bonding Company had the right to appeal therefrom.

No error.