S. G. GARNER v. J. G. QUAKENBUSH, W. W. GARRETT ET AL.

(Filed 17 September, 1924.)

1. **Claim and Delivery — Principal and Surety — Replevin Bond — Statutes—Defenses.**

The surety on a replevin bond in claim and delivery, under the requirements of the statute (C. S., 836) that the property shall be delivered to the plaintiff, or, if it cannot be, the value at the time it was delivered to the defendant, etc., may not, upon adjudication in plaintiff's favor, set up the defense that it had been taken by another, or prevented by the act of God, or that another than the plaintiff had a superior title to the property by mortgage or otherwise.

**2. New Trials—Appeal and Error—Judgments—Presumptions—Burden to Show Error.**

> The judgment of the Superior Court having jurisdiction of the parties and subject-matter of the action is presumed to be correct on appeal, and will not be reversed and a new trial ordered unless it is made reasonably to appear that the granting thereof would probably result in the appellant's favor, the burden of showing error being upon him.

THIS is a petition to rehear this case, reported in 187 N. C., 603.

This cause was heard at Spring Term, 1924, of this Court, upon appeal from a judgment rendered by *Stack, J.,* at October Term, 1923, of MOORE, affirming the order of the clerk of the Superior Court of said county, in which he denied a motion by the defendants to set aside a judgment hereinbefore rendered by default final for want of an answer, said motion being based upon allegations that the said judgment was irregular and that the failure of the defendant Quakenbush to file answer to the complaint was due to his excusable neglect. This Court affirmed the judgment as to Quakenbush and modified and affirmed the same as to the defendant Garrett, surety on defendant's undertaking for replevin. See opinion in this case, 187 N. C., 603.

This action was instituted by the plaintiff to recover of the defendant Quakenbush judgment upon a note dated 10 November, 1921, for $400 and for the possession of four mules and two horses, described in a mortgage executed by Quakenbush to plaintiff to secure the payment of the said note. The writ of claim and delivery was issued by the clerk of the Superior Court of Moore County, and by virtue of the same the sheriff of Alamance County seized the said mules and horses. Thereupon, the defendant executed and filed in this action a replevin bond with penal sum of $1,000, as provided by C. S., 836, with the defendant W. W. Garrett as his surety, and said property was thereupon returned by the sheriff to the defendant Quakenbush.

Thereafter, plaintiff having filed his complaint, and defendant having filed no answer, judgment was rendered by the clerk of the Superior Court of Moore County by default final on 25 February, 1922, in which it was adjudged that "plaintiff recover of the defendant J. G. Quakenbush the sum of $400, with interest thereon from 10 November, 1921, until paid, together with the costs of this action, to be taxed by the clerk. It was further adjudged that "plaintiff is the owner of the four mules and two horses described in the complaint, and that he recover the same of the defendant, to the end that the same may be sold by the plaintiff in order to discharge said indebtedness, as provided in the mortgage mentioned in the complaint." It was further ordered and adjudged that "plaintiff recover of the surety on defendant's replevin

bond the sum of $1,000, to be discharged, however, upon the payment of $400, interest and costs hereinbefore adjudged in favor of plaintiff and against the defendant, or to be discharged if the personal property replevied by the defendant shall be returned to the plaintiff, together with all damages resulting from the deterioration and detention thereof under said replevin bond."

Execution was issued on said judgment, and thereafter W. W. Garrett, surety on the replevin bond, moved that said judgment be set aside. Said motion was denied by the clerk, and upon appeal by Garrett to the judge presiding in the Superior Court of Moore County the order of the clerk was affirmed. Upon appeal to the Supreme Court by the surety, Garrett, the order and judgment of the clerk and the judge were affirmed.

In the opinion filed by this Court it is ordered that, as to Quakenbush, the principal, the judgment below is affirmed; as to the defendant, Garrett (surety on replevin bond), it will be *modified* into a judgment by default and inquiry only in order that the value of the team, for which he is responsible, *subject to the prior mortgages,* shall be ascertained before a jury."

Plaintiff, after full compliance with the rules of this Court in respect thereto, filed a petition to rehear on 16 May, 1924, respectfully insisting that it was error, due to inadvertence, for this Court to order the "judgment as to defendant Garrett modified into a judgment by default and inquiry, in order that the value of the team for which he is responsible, *subject to the prior mortgages,* shall be ascertained before a jury."

*H. F. Seawell* for petitioner.
*Parker & Long* for *W. W. Garrett.*

CONNOR, J. In the opinion filed in this case for the Court it is held, citing *Jeffries v. Aaron,* 120 N. C., 167: "There being no ground to sustain the defendant's motion upon the allegation of mistake, surprise or excusable neglect, it should not be modified on the ground of irregularity; for, the court having jurisdiction of the subject and the parties, there is a presumption in favor of its judgment, and the burden of overcoming this presumption is with the party seeking to set aside the judgment. . . . Although there was irregularity in entering the judgment, yet unless the Court can now see reasonably that the defendants had a good defense, or that they could now make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside now, and then be called upon soon thereafter to render just such another between the same parties?"

The Court further held that "the final judgment was regularly entered as against Quakenbush on the note and mortgage, and for the possession of the property described in his complaint, and for the return of which the replevin bond was given by the defendant, with Garrett as his surety." It is further held: "The contract of Garrett on the replevin bond was for the return of the team, or their value, and the final judgment against him should not be reopened and modified by a judgment of default and inquiry, but for the fact that he alleges that the value of the team, *subject to prior mortgages,* under which they were seized and have been sold did not equal the amount of the judgment. It was error in the court to refuse to permit him to offer evidence to that effect, and for this reason he is entitled to have the judgment modified into one by default and inquiry, and evidence introduced to that effect." It was therefore ordered that the judgment be modified as to the surety on the replevin bond in accordance with this holding.

This plaintiff insists that this was an inadvertent error on the part of the court, in that it holds that the surety on the replevin bond may offer as a defense that there were prior mortgages on the property, for the return of which, or for the value of which, if same could not be returned, he has bound himself by his bond.

The liability of the surety to the plaintiff in this action is fixed by the terms and conditions of his bond. The terms of a replevin bond are fixed by statute (C. S., 836), and the bond signed by Garrett in this action is in strict conformity with the statute. He bound himself unto the plaintiff in the sum of $1,000, that if the property then in the hands of the sheriff, who had taken same from defendant Quakenbush, be returned to the defendant, "it shall be delivered to the plaintiff, with damages for its deterioration and detention, together with the costs of the action, if such delivery be adjudged and can be had, and if such delivery cannot *for any cause* be had, that the plaintiff shall be paid such sum as may be recovered against the defendant for the value of the property at the time of the wrongful taking or detention, with interest thereon, as damages, for such taking and detention, together with the costs of the action."

The surety now insists that, as a defense to plaintiff's demand for judgment on this bond, he can show that some person other than the plaintiff, not a party to the action, had a right or title to the property superior to the plaintiff, or that he can show that the property cannot now be returned, because the same has been taken from the defendant by some other person under a title superior to that of the plaintiff. This defense is not available to the surety by reason of the terms of his contract as set forth in the bond. It has been adjudged that the plaintiff is the owner of the property, and he is therefore entitled to delivery of

the same, or if such delivery cannot *for any cause* be had, that the plaintiff shall be paid the value of the property at the time it was delivered to the defendant by virtue of his replevin bond.

This Court has held, in *Randolph v. McGowan,* 174 N. C., 203, that the failure upon the part of a defendant to establish his title makes him a wrongdoer and, being such, he is not permitted to set up the destruction of the property while wrongfully withheld from the plaintiff as a discharge of his obligation to return the goods or pay their value and damages. Nor can the defense be available to the surety that the property, for the return of which to the plaintiff upon its being adjudged that the plaintiff was entitled to delivery, belonged to third persons who were not parties to the action. 34 Cyc., 1594, and cases cited; 23 R. C. L., 906, sec. 67.

In *Motor Co. v. Sands,* 186 N. C., 732, this Court says: "In keeping with the general trend of authorities, it is the declared law of this jurisdiction that a plaintiff in replevin, in possession of the property under a replevin bond, as well as a defendant in replevin retaining possession of the property under a forthcoming bond, is liable, at all events, for the return of the property, if the action be decided against him; and the fact that his failure to make return is caused by the act of God, or other circumstance beyond his control, is of no avail to relieve him of his obligation, nor is he discharged by a showing of a want of negligence on his part."

So much of the order made by this Court upon the hearing at Spring Term, 1924, as directs that the judgment as to the defendant Garrett be modified into a judgment by default and inquiry, in order that the value of the team for which he is responsible, *subject to the prior mortgages,* shall be ascertained, is reversed. It is manifest that the said order was due to an inadvertence on the part of the court, and the judgment as to Garrett, the surety, as well as to Quakenbush, the principal, as originally entered in the court below, is affirmed.

It appears to be conceded that the horses and mules cannot now be delivered to the plaintiff. This action is remanded to the Superior Court of Moore County in order that an issue may be submitted to a jury substantially as follows: What was the value of the mules and horses replevied in this action at the time of the defendant's replevin bond in this case, and the return of the mules and horses to the defendant on 27 December, 1921?

Petition allowed.