DAVIS BROTHERS COMPANY v. JOHN C. WALLACE AND THE U. S. ·
FIDELITY AND GUARANTY COMPANY.

(Filed 25 November, 1925.)

1. **Appeal and Error—Objections and Exceptions—Remand.**

   .Where on appeal from an inferior court some of the appellant's excep-
   tions have been sustained in the Superior Court, and also in the Supreme .
   Court, resulting in a remand of the case to the initial court, the appellant
   may not successfully complain that all of his exceptions on his first
   appeal had not been passed upon.

2. **Actions—Claim and Delivery—Nonsuit—Independent Actions—Dam-
   ages.**

   Where the plaintiff has taken a voluntary nonsuit after the property
   had been taken in claim and delivery and therein sold, the defendant in
   that action may maintain an independent action for damages, against the
   plaintiff in the former action and· the surety on his bond, given in con-
   formity with C. S., 833, wherein nominal damages at least are recoverable,
   with actual damages for the value of the property at the time of the
   seizure under claim and delivery.

3. **Same—Contracts—Breach—Principal and Surety—Bonds—Statutes.**

   Where the plaintiff after claim and delivery and sale therein of the
   property, has taken a voluntary nonsuit, in an independent action by the
   defendant against the principal therein and the surety on his bond, the
   question of the defendant's ownership is material only on the issue as
   to the measure of damages, the burden of proof being on the plaintiff
   in the second· action, C. S., 580.

4. **Same—Burden of Proof.**

   Where the plaintiff in claim and delivery has taken a voluntary nonsuit
   after selling the property, the fact that the property was taken from the
   defendant's possession is evidence of his ownership, and in an independent
   action to recover damages against the plaintiff in the former action and
   the surety on the claim and delivery bond, the defendant in the former
   action was entitled to recover, nothing else appearing, the value of the
   property when taken, with interest, as damages for retention, and where
   the defendant alleges ownership, the burden is. on him to prove it.

5. **Same—Contracts—Breach.**

   The failure of plaintiff to restore the property to defendant in claim
   and delivery, and to prosecute his action to final success, is a failure to
   perform the conditions that óur statute requires for the delivery of the
   property to him, and where he has taken a voluntary nonsuit in his action
   without performing these conditions, the defendant, in an independent
   action against the principal and surety on his boṅd, may have the matters
   determined.

;APPEAL from judgment of Superior Court of FORSYTH, March Term,
1925. *Schenck, J.* Affirmed.

This action was instituted in Forsyth County Court, on 16 July, 1924, to recover damages for breach of a bond, executed by John C. Wallace, as principal, and the U. S. Fidelity and Guaranty Company, as surety. Said bond, conditioned as required by C. S., 833, was filed by said John C. Wallace in an action commenced by him in said court on 27 May, 1921, to procure the issuance and service of a writ of claim and delivery, in said action, for an automobile in possession of Davis Brothers Company. Pursuant to said writ, the sheriff of Forsyth County took said automobile from the possession of said Davis Brothers Company, and delivered same into the possession of John C. Wallace. Thereafter, said John C. Wallace, by virtue of a power of sale contained in a chattel mortgage executed by Leo W. Morton, sold said automobile, at public auction, and filed a report of said sale in said action. On 23 November, 1923, without notice to or consent of Davis Brothers Company, defendants in said action, said John C. Wallace, plaintiff therein, took a voluntary nonsuit. Plaintiffs in this action allege that the failure of John C. Wallace to prosecute the action in which said bond was filed, was a breach of said bond, for which plaintiffs are entitled to recover damages.

Plaintiffs further allege that they were, at the time said automobile was seized by the sheriff, under the writ of claim and delivery, and are now the owners and entitled to the possession of said automobile; that notwithstanding the action, in which said bond was filed, has terminated by a judgment upon a voluntary nonsuit, John C. Wallace, principal. in said bond, has failed and refused to return said automobile to plaintiff's obligee in said bond, but has disposed of the same; that such failure and refusal by John C. Wallace to return said automobile to plaintiffs was a breach of said bond for which plaintiffs are entitled to recover damages.

Plaintiffs allege that the fair market value of said automobile, at time same was seized by the sheriff, was $1,100; they demand judgment that they recover of defendants said sum and interest from date of seizure as damages for the breach of said bond.

Defendants deny that there has been any breach of said bond; deny that plaintiffs were or are the owners and entitled to possession of said automobile; they allege, as a further defense, that plaintiffs are estopped to allege or claim that they are the owners of said automobile (1) by their failure to answer the verified complaint filed on 11 June, 1921, by John C. Wallace in the action in which the bond was filed; (2) by their failure to object to the sale of the automobile by John C. Wallace, on 16 July, 1921, after advertisment, under the power of sale contained in the chattel mortgage executed by Leo W. Morton to John C. Wallace, or to file exceptions to the report of said sale made to the court in said action on 18 July, 1921; and (3) by their acceptance of a check on

27 May, 1921, given them by John C. Wallace in payment of certain repairs to said automobile made by plaintiffs after notice of the claim of John C. Wallace to the automobile by virtue of the chattel mortgage executed to him by Leo W. Morton on 21 March, 1921, and duly recorded on said date.

The issues submitted to the jury, with answers thereto, were as follows:

1. Were the plaintiffs the owners and entitled to the possession of the automobile described in the complaint at the time it was seized by claim and delivery in the case of John C. Wallace v. Davis Brothers Company and Leo W. Morton? Answer: No.

2. Is the plaintiff's action barred by the statute of limitations? Answer: No.

3. What amount of damages, if any, are the plaintiffs entitled to recover of the defendants? Answer: ......

From judgment rendered upon this verdict, plaintiffs appealed to the Superior Court of Forsyth County, assigning as errors:

First: The refusal of the court to submit issues tendered by plaintiff as follows:

1. Did defendants execute the bond as alleged in the complaint?

2. Was there a breach of the bond as alleged in the complaint?

3. What damages, if any, are the plaintiffs entitled to recover?

Second: The refusal of the court to instruct the jury, as requested by plaintiffs, that "the defendants are liable in this action upon the bond for the value of the car at the time of seizure on 30 May, 1921, with interest from that date until paid, unless the defendant, Wallace, had title to the car by virtue of his alleged chattel mortgage. The plaintiffs in this action being in possession at the time of the seizure in 1921, were presumptively the owners of the car and are entitled to recover its value, unless the defendant can establish that Wallace was the owner or had special property in it for which he was entitled to possession."

Third: The refusal of the court to instruct the jury as requested, that "all allegations and proof of title in the car in the defendant Wallace in this car are material only in mitigation of damages. Upon the issue of damages, the burden of proof is upon the defendants to establish by the greater weight of the evidence that Morton had title to the car at the time Wallace took the alleged chattel mortgage. If defendants do not so satisfy you by the greater weight of the evidence, the plaintiffs are entitled to recover the value of the car at the time of seizure, 30 May, 1921, with interest from said date."

Plaintiffs also assigned as error, the submission of the issues appearing in the record, the refusal of the court to give other instructions as requested by the plaintiffs, and certain instructions given as appear in the case on appeal.

At the hearing of the appeal, at March Term, 1925, of the Superior Court of Forsyth County, Judge Schenck sustained the assignments of error, hereinbefore stated, and remanded the cause to the Forsyth County Court for a new trial. He did not consider or pass upon other assignments of error. From his judgment and order, both plaintiffs and defendants appealed to the Supreme Court.

*Ratcliff, Hudson & Ferrell for plaintiffs.*
*Raymond G. Parker and Richmond & Rucker for defendants.*

CONNOR, J. This action is here upon appeal from the judgment of the Superior Court of Forsyth County, remanding the action to the Forsyth County Court for a new trial. It was heard in the Superior Court upon appeal by plaintiffs from the judgment of the county court. The judge of the Superior Court, exercising the appellate jurisdiction conferred upon that court by statute (see *Chemical Co. v. Turner, ante,* 471), in deference to the suggestion made in the opinion by *Stacy, C. J.,* in *Smith v. Winston-Salem,* 189 N. C., 178, in his judgment has stated separately his rulings upon plaintiff's assignments of error, which resulted in the order for a new trial. He did not consider the remaining assignments of error appearing in the case on appeal. Having sustained the assignments of error considered by him, as stated in the judgment, and thereupon ordered a new trial, he did not deem it necessary to consider or pass upon the remaining assignments. Plaintiffs do not and cannot complain of this. They were successful upon their appeal from the county court, and in this Court ask that the judgment of the Superior Court be affirmed. This Court cannot consider or pass upon assignments of error made by plaintiffs in their appeal from the county court, which the Superior Court did not consider—it is limited to the consideration of assignments of error upon the trial in the county court sustained by the Superior Court and presented to this Court by exceptions duly taken by defendants, appellants, who ask that the judgment of the Superior Court be reversed for errors assigned.

Defendants first assign as error the ruling of the judge of the Superior Court sustaining plaintiff's exceptions to the refusal of the trial court to submit the issues tendered by plaintiff, and to the issues as submitted. This assignment of error cannot be sustained. The refusal of the trial court to submit the issues tendered was error, as held by the judge of the Superior Court. This is an action to recover damages for breach of a bond. The issues raised by the pleadings and determinative of plaintiff's right to recover involve the execution of the bond, its breach and the damages sustained. The ownership and right of possession of the automobile are not in issue upon the pleadings, in the sense that such ownership and right of possession are material to the cause of action

alleged in the complaint. It is true that the ownership of the automobile by plaintiffs at time of its seizure by the sheriff, under the writ of claim and delivery, issued upon the filing of the bond sued upon in this action, is a question of fact material to the determination of the amount of damages which plaintiffs may have sustained by a breach of the bond, as alleged in the complaint. Such ownership, however, is not determinative of the right of plaintiffs to recover in this action.

If the bond was executed by defendants and there was a breach thereof as alleged in the complaint, plaintiffs, although not the owners or entitled to the possession of the automobile at the time of its seizure, are entitled to recover at least nominal damages. 34 Cyc., 1585. *Alderman v. Roesel,* (S. C.), 29 S. E., 385; *Little v. Bliss,* (Kan.), 39 Pac., 1025; *Smith v. Whiting,* 100 Mass., 122.

If there was a breach of the bond as alleged in the complaint, such breach was a wrongful act, and the law infers or presumes damages arising therefrom to plaintiffs; if no actual or substantial damages are shown, the law gives nominal damages in order to determine and establish plaintiff's right of action and thus affords a remedy for the wrong done to them by the defendants' breach of the bond; *Bond v. Hilton,* 47 N. C., 149; *Creech v. Creech,* 98 N. C., 156; *Brunhild v. Potter,* 107 N. C., 416; *Hutton v. Cook,* 173 N. C., 496; *Cooper v. Clute,* 174 N. C., 366. The allegations in the pleadings as to the ownership of the automobile are not material to plaintiff's right to recover; the first issue submitted to the jury was not determinative of the cause of action set out in the complaint; it was therefore error to submit said issue over the objection of plaintiffs; and the judge of the Superior Court properly sustained the assignment of error based upon the exception thereto. C. S., 580 and cases cited. *Bank v. Broom Co.,* 188 N. C., 508.

Defendants further assign as error the ruling of the judge of the Superior Court sustaining plaintiffs' exception to the refusal of the trial court to give the instructions requested. See statement of case above. This assignment of error cannot be sustained. The ruling upon plaintiff's exceptions was correct. The instructions requested should have been given upon the issue as to damages. If the plaintiffs were the owners and entitled to the possession of the automobile at the time it was taken from their possession by the sheriff, under the writ of claim and delivery, then upon a breach of the bond as alleged in the complaint, plaintiffs were entitled to recover of defendants the value of said automobile at the time of the seizure, as damages, if the same cannot now be returned by defendants. 34 Cyc., 1582 and cases cited. *Piffley v. Kendrick* (Ind.), 31 N. E., 40; *Little v. Bliss* (Kan.), 39 Pac., 1025; *Siebolt v. Konatz Saddlery Co.* (N. Dak.), 106 N. W., 564, 23 R. C. L., p. 916, sec. 81.

Upon the issue as to damages, if plaintiffs would recover more than nominal damages for the breach of the bond, as alleged, the burden is upon them to offer evidence from which such damages may be assessed; the fact that the automobile was taken from their possession is evidence of ownership by them; upon the judgment, dismissing the action, upon voluntary nonsuit, plaintiffs were entitled to an order of restitution; such order was not made, and defendant, John C. Wallace, has failed to return the automobile; nothing else appearing plaintiffs are entitled to recover of said defendant and the surety on his bond, the value of said automobile when taken from their possession, with interest as damages for detention. As an affirmative defense, defendants allege that at the time of the taking, John C. Wallace was the owner of said automobile, by virtue of a chattel mortgage executed to him by Leo W. Martin. The burden is upon him to establish his ownership under said mortgage as alleged by the greater weight of the evidence. *Speas v. Bank,* 188 N. C., 524. The damages in this action must be assessed upon the same principles and under the same rules as would have applied, if the damages had been assessed in the action in which the writ of claim and delivery was issued. 23 R. C. L., p. 916, sec. 81; *Washington Ice Co. v. Webster,* 62 Me., 341, 16 Am. Rep., 462; *Lapp v. Ritter,* 88 Fed., 108. The question of ownership is material only in mitigation of damages, and not having been adjudicated in the former action, may in this action be considered by the jury in determining the amount of damages sustained by plaintiffs by breach of the bond. Plaintiffs are entitled to recover as actual damages only such sum as the jury may assess as compensation for loss sustained by breach of bond.

The action commenced by John C. Wallace to recover of Davis Brothers Company the automobile in their possession, upon his allegation of ownership, having been dismissed upon his voluntary nonsuit, without an adjudication as to ownership, and without an order of restitution, Davis Brothers Company may maintain an independent action to recover of the principal, and his surety, damages for the breach of the bond. *Martin v. Rexford,* 170 N. C., 540; *Mahoney v. Tyler,* 136 N. C., 41; *Mfg. Co. v. Rhodes,* 152 N. C., 637; *Manix v. Howard,* 82 N. C., 125. Failure to prosecute the action in which the property was taken from plaintiffs, under writ of claim and delivery, is a breach of the bond, entitling plaintiffs, to at least nominal damages. Failure to return the property to plaintiffs after judgment dismissing the action upon voluntary nonsuit, is a breach of the bond, and upon it appearing that the property cannot be returned, plaintiffs are entitled to recover of the principal and surety on the bond as actual damages, the value of the property, at the time of its seizure. Defendants, however, allege as an affirmative defense to the recovery of actual damages that the plaintiffs were not at the time

of its seizure, and are not now owners of the automobile, but that defendant, John C. Wallace, was the owner by virtue of a chattel mortgage executed by a third person. The dismissal of the action, upon voluntary nonsuit was not conclusive as to the title to the automobile, and defendants may in this action offer evidence in support of their allegation, not to defeat plaintiffs' action, but in mitigation of actual damages which they may recover. *Gilbert v. American Surety Co.,* 121 Fed., 499, 61 L. R. A., 253. The burden of establishing the truth of this allegation by the greater weight of the evidence, is upon defendants. Where, however, there has been an adjudication that the obligee in the bond, is the owner of the property, in a judgment by default and inquiry, such adjudication is conclusive, and neither the principal nor the surety may further controvert such ownership. *Garner v. Quakenbush,* 188 N. C., 180.

Many interesting questions are discussed in the briefs filed in this Court. They are not, however, presented upon this appeal. Defendants' assignments of error cannot be sustained, and the judgment remanding the action to Forsyth County Court for new trial is

Affirmed.