J. H. EPPS, D/B/A J. H. EPPS T. V. v. MRS. FRANK MILLER AND HAROLD LAMBERT, D/B/A THRIFT COURT (BIRDTOWN MOTEL)

No. 7030SC209

(Filed 6 May 1970)

1. Appeal and Error § 57— findings of fact — conclusiveness

Findings on matters addressed to the court are conclusive when supported by competent evidence.

2. Judgments § 25— setting aside judgment — conduct justifying relief — findings

Trial court properly set aside a judgment of $12,000 entered against the plaintiff and his surety in a trial on a writ of inquiry, where there were findings and conclusions that neither plaintiff nor his surety had any notice of defendant's motion for a writ of inquiry; no order for a writ of inquiry was ever entered; the case did not appear on the calendar

for the term during which the judgment was entered; no transcript of the trial was made; plaintiff and the surety had a good and meritorious defense; and plaintiff's attorney failed to inform him of the status of the litigation, despite repeated inquiries from plaintiff.

**3. Judgments § 34— setting aside judgment — allowing plaintiff leave to file pleading**

In a hearing on plaintiff's motion to set aside a judgment of $12,000 entered against plaintiff and his surety in a trial on writ of inquiry, it was within the discretion of the court, in its order setting aside the judgment, to allow the plaintiff to plead to the issue and to allow defendant to reply thereto.

**4. Appeal and Error § 41— dismissal of appeal**

An appeal is subject to dismissal for failure to comply with the Rules of Practice in the Court of Appeals. Rule of Practice in the Court of Appeals No. 48.

**5. Claim and Delivery § 2— defendant's right to damages**

Where plaintiff has taken a voluntary nonsuit after the property has been taken in claim and delivery, defendant in that action may maintain an independent action for damages against plaintiff in the former action.

**6. Claim and Delivery § 5— sureties as parties of record**

Sureties on the plaintiff's undertaking in claim and delivery proceedings, within the limits of their obligation, are parties of record; and upon determination of the action as between the principals, the prevailing party is entitled to a summary judgment against the sureties in accordance with the statute and the terms of the bond.

APPEAL by plaintiff, defendants and Aetna Casualty and Surety Company from *McLean, J.,* October 1969 Mixed Session, SWAIN Superior Court.

In the judgment appealed from, the court made detailed findings of fact which, in part pertinent to this appeal, may be summarized as follows. On 1 November 1960 plaintiff was a resident of South Carolina engaged in the business of selling and leasing television sets. Defendants were the owners of a motel in Swain County. On that date the parties entered into an agreement for the lease of sixty-two television sets and certain other equipment by the defendants from the plaintiff. On 15 August 1963 the defendants were delinquent, having made only eleven of the monthly payments called for in the agreement. Plaintiff employed counsel to repossess the sets and to collect the balance due on the account. On 15 August 1963 summons and order was issued by the clerk directing the sheriff to take the sets from the defendant and deliver them to the plaintiff. Plaintiff posted a bond with the clerk in the amount of $25,000.00, an amount double the value of the property as stated by the plaintiff. Aetna Casualty and Surety Company was surety on the bond. No

complaint was ever filed in the action and no order extending time to file complaint was ever entered. The sheriff took the sets from defendants and delivered them to the plaintiff who realized $3,005.00 from the sale of the sets. Plaintiff contended that defendant then owed him a balance of $9,495.00. On 30 December 1965 defendants' attorney wrote plaintiff's attorney and advised them that he had filed a motion to dismiss the action and that it was set for hearing on 15 January 1966. In the same letter defendants' attorney suggested that plaintiff's attorney might prefer to enter a judgment of voluntary nonsuit and thereby make the hearing unnecessary. The motion to dismiss the summons was filed by the attorney for the defendants on 4 January 1966 and included a prayer that the court enter an order for such relief as the defendants might be entitled, including a proper writ of inquiry. On 7 March 1966 plaintiff's attorney caused a judgment of voluntary nonsuit to be entered. On 31 August 1966 the defendants' attorney filed a motion in the cause setting out, among other things, the taking of the property pursuant to an order of claim and delivery entered by the clerk, the failure of the plaintiff to file complaint and the judgment of voluntary nonsuit. Defendants prayed that a writ of inquiry be issued and that a jury be impanelled to fix defendants' damages. On 5 March 1969 before Martin, J., the following issue was submitted to the jury: "What amount, if any, are defendants entitled to recover of plaintiff and his surety?" The issue was answered in the amount of $12,000.00 and judgment was entered thereon against the plaintiff and his surety. At the same term an order was entered allowing plaintiff's counsel to withdraw. Plaintiff employed his present counsel and motions were filed on behalf of plaintiff and his surety to set the judgment aside. Other findings of fact in the judgment appealed from included findings that: neither the plaintiff nor his surety had any knowledge or notice of the filing of defendants' motion, no order for writ of inquiry was ever entered, the case did not appear on the calendar for the term during which the judgment was entered, and that no transcript of the trial was made and the court reporter was out of the courtroom at the time. The court found and concluded that the judgment of 5 March 1969 was entered without knowledge or information on the part of the plaintiff and his surety and that plaintiff and his surety have a good and meritorious defense.

The judgment of 5 March 1969 was vacated and set aside and a new trial ordered. The court further directed that plaintiff and his surety be allowed 30 days to file additional pleadings and that defendants have 30 days thereafter within which to file additional pleadings.

Plaintiff, Aetna Casualty and Surety Company and the defendants appeal.

*Clarence N. Gilbert for plaintiff.*

*Landon Roberts for Aetna Casualty and Surety Company.*

*Van Winkle, Buck, Wall, Starnes and Hyde by Herbert L. Hyde for defendants.*

VAUGHN, J.

**[1, 2]** The defendants contend that Judge McLean's findings of fact are not supported by the evidence and that he failed to find facts which were supported by the evidence. We have carefully considered each of the assignments of error brought forward in support of these contentions. Findings on matters addressed to the court are conclusive when supported by competent evidence. This remains to be so even though there are other findings of fact which are not supported by the evidence when, as here, the findings which are supported by competent evidence are sufficient to support the judgment. 1 Strong, N. C. Index 2d, Appeal and Error, § 57. We hold that there was an abundance of evidence to support the findings and conclusions of the trial judge. The record discloses that in 1963 plaintiff employed a reputable licensed attorney to collect a substantial debt which he contended was owed by defendants under the terms of the lease agreement. Many of the 282 pages in the record on appeal are filled with inquiries from the plaintiff to his attorney as to the status of the litigation and supplications urging the attorney to bring the case to trial. These entreaties were unavailing. Plaintiff's claim was never tried on its merits, and he was never advised of a claim against him. The judgment under all of the circumstances was properly set aside. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507. Although many of the opinions of our Supreme Court involving the setting aside of judgments are conflicting, in most instances the individual case has been determined upon its own peculiar circumstances. *Gaster v. Goodwin,* 259 N.C. 676, 131 S.E. 2d 363.

**[3]** Defendants assign as error that portion of the judgment which allows the parties to file additional pleadings, contending that it would allow the parties to start all over after seven years of litigation. The plaintiff, having submitted to a voluntary nonsuit on 7 March 1966, and the judgment of 5 March 1969 having been vacated, the only matter now pending between the parties is the motion of defendants for a determination of their damages. It was clearly within the discretion of his honor to allow the plaintiff to plead to the issue

and to allow defendant to reply thereto, if the parties were so advised. Despite the broad language used, we are confident that that was what was intended to be allowed by the judgment signed by Judge McLean. To avoid further litigation on this point, however, the judgment is so modified.

[4, 5]   The brief filed by plaintiff appellant does not comply with the Rules of Practice in this Court. Among other things, at no place in the brief is there any reference to an exception or assignment of error based thereon. For failure to comply with Rules of Practice in this Court the appeal of plaintiff is subject to dismissal. Rule 48 Rules of Practice in the Court of Appeals. We have, however, considered the argument contained in the brief. Generally plaintiff argues that the Court should affirm that portion of the judgment which vacates the judgment entered 5 March 1969 and then that we should, in some fashion, declare the litigation ended. This contention is without merit. Where the plaintiff has taken a voluntary nonsuit after the property has been taken in claim and delivery, the defendant in that action may maintain an independent action for damages against plaintiff in the former action. *Davis v. Wallace*, 190 N.C. 543, 130 S.E. 176. It is also generally recognized that the defendant is not relegated to a separate action in order to obtain return, or return or damages as the case may be, but may assert his rights in the same action. 24 A.L.R. 3d 768. "If the plaintiff should give the undertaking and take the property, he may not then take a nonsuit and hold the property." 2 McIntosh, N. C. Practice 2d, § 2166. In *Manix v. Howard*, 82 N.C. 125, the Supreme Court posed the following: "Can the plaintiff bring his action of claim and delivery and procure the property to be taken out of the possession of the defendant and delivered to him by the process of the law, and then omit to file his complaint, so that no issue can be made or tried as to the right of possession between him and the defendant, and at length, on his motion, dismiss his action and thereby acquit and discharge himself from all relief or assertion of right in the action on the part of the defendant?" The Court answered its query in the negative, saying that to hold otherwise would allow a plaintiff to use the process of the law merely for his personal advantage, instead of as a means of a due and orderly assertion of his right by a trial thereon. This decision has been followed in *Manufacturing Company v. Rhodes*, 152 N.C. 636, 68 S.E. 141, and other decisions of our Supreme Court.

In *Davis v. Wallace, supra*, plaintiff alleged that defendant commenced an action against him which resulted in the issuance of a writ of claim and delivery. Pursuant thereto the sheriff took an au-

tomobile from the plaintiff and delivered it to defendant who sold it under a chattel mortgage executed by one Morton. Thereafter defendant took a voluntary nonsuit. After approval of issues and requested instructions thought to be proper by the plaintiff, the opinion of the Court was, in part, as follows:

"It is true that the ownership of the automobile by plaintiffs at time of its seizure by the sheriff, under the writ of claim and delivery, issued upon the filing of the bond sued upon in this action, is a question of fact material to the determination of the amount of damages which plaintiffs may have sustained by a breach of the bond, as alleged in the complaint. Such ownership, however, is not determinative of the right of plaintiffs to recover in this action.

"If the bond was executed by defendants and there was a breach thereof as alleged in the complaint, plaintiffs, although not the owners or entitled to the possession of the automobile at the time of its seizure, are entitled to recover at least nominal damages. 34 Cyc., 1585. *Alderman v. Roesel*, (S.C.), 29 S.E., 385; *Little v. Bliss*, (Kan.), 39 Pac., 1025; *Smith v. Whiting*, 100 Mass., 122.

"If there was a breach of the bond as alleged in the complaint, such breach was a wrongful act, and the law infers or presumes damages arising therefrom to plaintiffs; if no actual or substantial damages are shown, the law gives nominal damages in order to determine and establish plaintiff's right of action and thus affords a remedy for the wrong done to them by the defendants' breach of the bond; . . ."

. . .

"Upon the issue as to damages, if plaintiffs would recover more than nominal damages for the breach of the bond, as alleged, the burden is upon them to offer evidence from which such damages may be assessed; the fact that the automobile was taken from their possession is evidence of ownership by them; upon the judgment, dismissing the action, upon voluntary nonsuit, plaintiffs were entitled to an order of restitution; such order was not made, and defendant, John C. Wallace, has failed to return the automobile; nothing else appearing plaintiffs are entitled to recover of said defendant and the surety on his bond, the value of said automobile when taken from their possession, with interest as damages for detention. As an affirmative defense, defendants alleged that at the time of the taking, John C. Wallace was the owner of said automobile, by virtue of a chattel

mortgage executed to him by Leo W. Martin. The burden is upon him to establish his ownership under said mortgage as alleged by the greater weight of the evidence. *Speas v. Bank,* 188 N.C. 524. The damages in this action must be assessed upon the same principles and under the same rules as would have applied, if the damages had been assessed in the action in which the writ of claim and delivery was issued. 23 R.C.L., p. 916, § 81; *Washington Ice Co. v. Webster,* 62 Me., 341, 16 Am. Rep., 462; *Lapp v. Ritter,* 88 Fed., 108. The question of ownership is material only in mitigation of damages, and not having been adjudicated in the former action, may in this action be considered by the jury in determining the amount of damages sustained by plaintiffs by breach of the bond. Plaintiffs are entitled to recover as actual damages only such sum as the jury may assess as compensation for loss sustained by breach of bond."

. . .

". . . Failure to prosecute the action in which the property was taken from plaintiffs, under writ of claim and delivery, is a breach of the bond, entitling plaintiffs, to at least nominal damages. Failure to return the property to plaintiffs after judgment dismissing the action upon voluntary nonsuit, is a breach of the bond, and upon it appearing that the property cannot be returned, plaintiffs are entitled to recover of the principal and surety on the bond as actual damages, the value of the property, at the time of its seizure. Defendants, however, allege as an affirmative defense to the recovery of actual damages that the plaintiffs were not at the time of its seizure, and are not now owners of the automobile, but that defendant, John C. Wallace, was the owner by virtue of a chattel mortgage executed by a third person. The dismissal of the action, upon voluntary nonsuit was not conclusive as to the title to the automobile, and defendants may in this action offer evidence in support of their allegation, not to defeat plaintiffs' action, but in mitigation of actual damages which they may recover. *Gilbert v. American Surety Co.,* 121 Fed., 499, 61 L. R. A., 253. The burden of establishing the truth of this allegation by the greater weight of the evidence, is upon defendants. . . ."

[6]    Appellant Aetna Casualty and Surety Company contends, in essence, that, since it has not been served with process, it is not a party to the litigation, and the court should have declared the judgment signed by Martin, J., void as to Aetna and dismissed it as a party. It contends that Judge McLean erred in including it in that

portion of his order which allowed the parties to file additional pleadings if they were so advised. It is well settled that sureties on the plaintiff's undertaking in claim and delivery proceedings, within the limits of their obligation, are parties of record. It is also well settled that, upon determination of the action as between the principals, the prevailing party is entitled to a summary judgment against the sureties in accordance with the statute and the terms of the bond. *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460; *Long v. Meares,* 196 N.C. 211, 145 S.E. 7. The assignments of error brought by the appeal of Aetna Casualty and Surety Company are overruled.

On plaintiff's appeal, the judgment is affirmed.

On Aetna Casualty and Surety Company's appeal, the judgment is affirmed.

On defendants' appeal, the judgment is modified and affirmed.

MALLARD, C.J., and MORRIS, J., concur.