---
Shuler v. Bryant
---

*No counsel for B. E. Winkler, appellee.*

*W. A. Watts for Civil Service Board of the City of Charlotte, appellant.*

VAUGHN, Judge.

---

MARVIN SHULER AND FAYE G. SHULER v. BRUCE D. BRYANT

No. 7230DC111

(Filed 24 May 1972)

1. Claim and Delivery § 5— failure to prosecute — damages

Failure to prosecute an action in which property is taken under a writ of claim and delivery is a breach of the bond, and defendants in that action may maintain an independent action against the plaintiff and the surety on his bond.

---

**Shuler v. Bryant**

---

**2. Claim and Delivery § 5— wrongful taking of property — action for damages**

The trial court erred in dismissing on the ground of *res judicata* an action against the surety on a claim and delivery bond, the claim and delivery proceedings having been dismissed, where there was no showing of a prior adjudication of plaintiffs' claim for the alleged wrongful taking of their property.

APPEAL by plaintiff from *Horner, District Judge,* 29 September 1971 Session of District Court held in SWAIN County.

This is an action instituted on 7 July 1970 against the surety on a claim and delivery bond. The claim and delivery proceedings had been dismissed previously in favor of defendants (plaintiffs in this action) apparently because no summons or complaint had been duly filed. In the prior judgment of dismissal dated 24 July 1969, there appears the following:

"8. That this action should be dismissed in toto and as a part of the same, the said Affidavit in Claim and Delivery is hereby quashed; and

9. This cause shall be placed on the Civil Docket for the purposes of deciding the damages to the defendants herein at the next sitting of this Court."

At the close of plaintiffs' evidence in the trial from which the present appeal is taken, defendant moved to amend his answer to assert "a Plea in Bar of res judicata" asserting as reason therefore a ruling on some motion made in the earlier action of 3 April 1970. At the same time he moved for a directed verdict "on the grounds that there has been an election of remedies already had and such election constitutes res judicata on this present action." Neither the motion nor the Order of 3 April 1970 are included in the record on appeal. There is some suggestion that the 3 April 1970 Order was to the effect that since the original action had been "quashed and dismissed" there was no action pending in which the then defendants (plaintiffs in the present action) could assert their claim of damages for the wrongful taking of their property. The Court allowed defendant's motion to amend. The Court also allowed defendant's motion for a directed verdict and entered judgment dismissing the action. Plaintiffs appealed.

*McKeever and Edwards by George P. Davis, Jr., for plaintiff appellant.*

*Stedman Hines for defendant appellee.*

VAUGHN, Judge.

[1, 2] Failure to prosecute an action in which property is taken under a writ of claim and delivery is a breach of the bond. The defendants in that action may maintain an independent action for damages against the plaintiff in the former action and the surety on his bond. *Davis v. Wallace,* 190 N.C. 543, 130 S.E. 176. There is no showing in this record that there has been a prior adjudication of plaintiffs' claim for the alleged wrongful taking of their property. It was error, therefore, to enter a directed verdict for defendant on that ground and for this reason the judgment from which plaintiffs appeal is reversed.

Since the question was not raised by either party, at trial or on appeal, we will allow plaintiffs to chart their own course in their suit against the surety on his liability to pay such sums as "may be recovered against the plaintiff" when in fact the plaintiff in the claim and delivery action is not a party and, as far as we can determine from the record before us, there has been no prior determination as to the extent of the liability, if any, of the plaintiff in that action. See *Moore v. Humphrey,* 247 N.C. 423, 429; 101 S.E. 2d 460.

Reversed.

Judges BROCK and HEDRICK concur.