S. H. HILTON v. R. J. McDOWELL and others.

*Partnership—Evidence—Statement of Case.*

1. To render competent the declarations of one partner against another, it is incumbent on the judge to determine the question whether there is *prima facie* evidence of the copartnership, and from his decision as to this preliminary matter there is no appeal. The proof in this case furnishes some evidence that defendants were jointly interested in the business.

2. Suggestion as to preparation of statement of case on appeal—matter not pertinent to the point raised should be omitted.

CIVIL ACTION tried at Spring Term, 1882, of MECKLEN-
BURG Superior Court, before *Gudger, J.*

Defendants appealed.

*Messrs. Bynum & Grier,* for plaintiff.
*Messrs. Wilson & Son,* for defendants.

RUFFIN, J.　In this case a single exception was taken in
the court below, and that one was so faintly argued by coun-
sel here as virtually to amount to its abandonment.

The plaintiff sues upon an account alleged to be due him
from the defendants, as partners, for lumber furnished them
for use at their gold mine, and the only question is, whether
by his proofs of the partnership he had prepared the way
for the admission of the declarations of one of the parties
as evidence against another.

Being examined as a witness, the plaintiff testified that
he had an interview with the defendant, Miller, prior to his
undertaking to furnish the lumber; that Miller asked him
whether he had seen Richardson, and at the same time said
to him, "We will want a large lot of lumber and if you will
sell it right we will take a good deal." He also told witness
that he would find Richardson at the Central Hotel in Char-
lotte. The witness sought Richardson and found him at
the place designated, and made a contract with him for the
delivery of the lumber. It was then proposed to ask the
witness, touching his conversation with Richardson in re-
gard to the contract as evidence against the defendant,
Miller, to which the defendants objected upon the ground
that no sufficient proof of the existence of the copartnership
had been offered. The court, however, held otherwise, and
admitted the evidence—though only as against the defend-
ant Miller.

It cannot be seriously doubted that the declarations of
Miller to the plaintiff, furnished some evidence of the fact

that he was to be jointly interested with Richardson in the purchase of the lumber; and this being so, it was incumbent on the judge to determine the question, at least, so far as to say whether there was such *prima facie* evidence of the copartnership as to render competent the declarations of one against the other—and from his decision as to this preliminary matter, there can be no appeal, and consequently there was no error committed.

We take this occasion once more to call the attention of the Bench and Bar to the manner of stating cases on appeal, and urge upon them the propriety of making their statements less cumbersome than they sometimes do. In this case the counsel having disagreed amongst themselves, it devolved upon the judge who presided at the trial to prepare the statement for this court, and instead of a simple summary of the evidence, which was all that was needed to present the only point made in the case, there is sent up as part of the record a detailed statement of the entire testimony, as given in by eight different witnesses and covering twelve entire pages of paper, all of which we have been forced to scrutinize in order to see whether other exceptions were not taken.

It would certainly seem that a proper consideration of the additional expense thus entailed upon litigants, and the needless consumption of the time of the court, ought to induce to somewhat more of care in this regard—to say nothing of the unseemly appearance which the records of the court are made to wear by such a mass of useless matter.

No error. Affirmed.