B. F. SMITH v. GLOBE HOME FURNITURE MANUFACTURING COMPANY.

(Filed 11 November, 1909.)

1. Appeal and Error — Grouping Exceptions, Etc., Relied On — Rule of Court—Appeal Dismissed.

Where there is a failure of the appellant to group, number and assign in an orderly manner the exceptions taken during the course of the trial, as required by the rule of the Supreme Court, the appeal will be dismissed. The Supreme Court in this case, as required by the statute, examined the record and found no error therein.

**2. Same—Nonsuit—Another Action.**

> When it appears that the appellant, the plaintiff in the lower court, has been nonsuited, and the merits of the case have not been passed upon by any conclusive ruling of that court, he may again bring his action after his appeal has been dismissed for his failure to comply with the rules of this Court to group, number and assign the exceptions taken upon the trial.

APPEAL by plaintiff from *Long, J.,* August Term, 1909, of GUILFORD.

The facts are stated in the opinion of the Court.

*George M. Patton* for plaintiff.

*King & Kimball, T. S. Beall* and *G. S. Bradshaw* for defendant.

WALKER, J.    The plaintiff alleges that he was injured while in the employ of the defendant, by defective machinery.    The difficulty we encounter in deciding the case arises out of the failure of the appellant (the plaintiff) to ask for any special instructions upon the evidence, and the fact that the charge of the court is not before us.    We have nothing but the process, pleadings, judgment and what purports to be a case on appeal, but which merely states the evidence in the cause.    Judgment was given against the plaintiff, but it does not appear whether upon the pleadings or the evidence.    There is no assignment of errors.    The plaintiff, having been nonsuited, may sue again, if so advised, and he will not be estopped or barred by the judgment in this case (*Tussey v. Owen,* 147 N. C., 335), for the merits of the case, it appears, have not been passed upon by any conclusive ruling of the court.    We must insist upon a strict compliance with the rule, which requires an assignment of the errors relied on in this Court.    It is a most reasonable rule, because the appellant is thereby notified of the specific matters which will be involved in the appeal; it enables counsel to prepare their case with greater ease, eliminating all immaterial questions; and, lastly, but by no means the least of all, it places before the Court in condensed form the entire case, so that we can the more readily understand the argument of counsel and consider the case more intelligently as the discussion before us progresses.    But it is sufficient to say that it is the rule of this Court, which was adopted after mature consideration, and is far less drastic or exacting in its requirements than similar provisions in other appellate tribunals, where even an assignment of errors, strictly conforming to our rule, would not be tolerated for a moment.    We have more than once held, with some degree of emphasis, that this, as well as the other rules of the Court,

will be enforced, reasonably, of course, but according to their plain intent and purpose. In this case it seems that the appellant failed to comply with the rule which requires the errors, which were pointed out by exceptions taken during the course of the trial, to be grouped and numbered or assigned in an orderly manner. We are therefore not permitted to consider the able and carefully prepared brief of his counsel, or to enter upon a consideration of the case upon its merits. It is our duty, though, under the statute, to examine the record. We have done so, and find no error therein. The appellee moved to affirm the judgment, under the rule as construed by this Court in *Davis v. Wall,* 142 N. C., 450; *Marable v. Railroad,* 142 N. C., 564; *Lee v. Baird,* 146 N. C., 361; *Thompson v. Railroad,* 147 N. C., 412; *Ullery v. Guthrie,* 148 N. C., 417. As the case is now presented to us, we must allow the motion and affirm the judgment.

Affirmed.