J. A. PORTER v. AMERICAN CIGAR BOX LUMBER COMPANY.

(Filed 10 December, 1913.)

**Appeal and Error—Assignments of Error—Purport of Exception—
Appeal Dismissed.**

   Supreme Court Rule of Practice 19, sec. 2, requiring the exceptions of record to be grouped and numbered, must be complied with to have the appeal considered by the court; and where the assignments of error each simply refers to the exception of record by number, without giving the purport or text thereof, it is insufficient, and the judgment of the trial court will be affirmed.

*J. H. Merrimon and Zebulon Weaver* for *plaintiff*.
*C. C. Cowan and Martin, Rollins & Wright* for *defendants*.

PER CURIAM. This is a motion to dismiss the appeal and to affirm the judgment for failure to comply with Rule 19, sec. 2. An examination shows that the motion is well founded. In *Thompson·v. R. R.*, 147 N. C., 413, the alleged assignment of errors were such as are herein set out. In that case *Hoke, J.,* in dismissing the appeal, said: "These rules refer to exceptions which have been properly assigned for error, in accordance with Rule 27 and Revisal, 561, and the proper observance of all of them is required for the orderly and efficient disposition of causes on appeal. These rules are not complied with by making a short excerpt from the stenographer's notes incomplete in themselves and giving no indication of their real bearing upon the question involved. . . . Just what will constitute a sufficiently specific assignment must depend upon the special circumstances of the particular case; but always the very error relied upon should be definitely and clearly presented, and *the Court not compelled to go beyond the assignment itself to learn what the question is. The assignment must be so specific that the Court is given some real aid,* and a voyage of discovery through an often voluminous record not rendered necessary."

In dismissing the appeal in *Lee v. Baird*, 146 N. C., 361, for failure to comply with this same rule, the Court said: "These rules, published in 140. N. C., 660, have been adopted after ex-

tended and careful reflection and because they were found neces-
sary to a proper performance of the public business of the
Court."

In *Calvert v. Carstarphen,* 133 N. C., 28, the Court said:
"The rules of this Court are mandatory, not directory." In
*Smith v. Manufacturing Co.,* 151 N. C., 260, *Walker, J.,* in dis-
missing the appeal for failure to comply with this rule, said:
"We must insist upon a strict compliance with this rule. . . .
It places before the Court in condensed form the entire case, so
that we can the more readily understand the argument of coun-
sel and consider the case more intelligently as the discussion
before us progresses. We have more than once held with some
degree of emphasis that this, as well as the other rules of the
Court, will be enforced, reasonably, of course, but according to
their plain intent and purpose."

In *Davis v. Wall,* 142 N. C., 453, in dismissing the appeal for
failure to comply with this rule, it was said: "Ordinarily, here-
after, such motions will be allowed upon a failure to comply
with the rules of this Court, without discussing the merits of the
case."

In *Ullery v. Guthrie,* 148 N. C., 418, it is said: "This is a rea-
sonable and just rule. . . . It is indispensable in all courts
that there should be some rules of practice, else there would be
hopeless disorder and confusion. It is, for the same reason, not
so important what the rules are as that they shall be *impartially
applied to all."*

As far back as *Sigman v. R. R.,* 135 N. C., 181, the Court said
emphatically that thereafter appeals would be dismissed in cases
of nonobservance of the rules.

In *Marable v. R. R.,* 142 N. C., 564, the Court said: "We again
especially direct attention of the profession to those rules and to
that decision (*Davis v. Wall,* 142 N. C., 450) as being very
proper for their careful consideration when preparing cases on
appeal."

In *Jones v. R. R.,* 153 N. C., 421, the profession was again
warned that the rules would be rigidly enforced, and the Court

said: "Nothing could be *more arbitrary* than a principle or a rule which *should be enforced against some litigants and not as to others.*"

In *McDowell v. Kent,* 153 N. C., 556, the Court said, in affirming the judgment below for failure to ·comply with this rule: "Though this matter has been often called to˙the attention of the profession, and our determination expressed to enforce the rule, such cases as this occasionally occur. It is of the utmost importance that any rule shall be *impartially applied.* It would be the greatest injustice to apply it to some cases and not in all. . . . This Court is decidedly adverse. to deciding any case upon a technicality or disposing of any appeal otherwise than upon its merits. But having adopted this rule from· a sense of necessity, and having put it in force only after repeated notice, and having uniformly applied it in every case since we began to do so, it is absolutely necessary that we observe it *impartially in every case.*"

There are other decisions to the same effect, besides many cases in which the motion to dismiss has been allowed without burdening the reports with further repetition of opinions to that purport. In this case the assignments of error each simply refer to an exception by its number, without giving the purport or the text of the exception. This necessitates the Court turning back and hunting up the exceptions in the record. This the Court could have done without any assignment of errors, and, if permitted, makes an "assignment of errors" entirely useless and deprives the Court of the benefit intended to be derived from such assignment. The Court has so often reiterated the reason for the rule and its intention to enforce it that it is to be trusted that no other case of such disregard of the rules shall arise, which shall compel us to dismiss an appeal, or affirm the judgment below, for failure to comply with this plain requirement of the rules.

Motion allowed and motion to reinstate denied.