Plaintiff in Wynn v. Grant moved to dismiss or affirm. The motion is based upon two grounds: (1) Failure to comply with *Page 69 
Rule 19 as to assignments of error. (2) Failure to file briefs in accordance with Rule 34. The exceptions relied on are to the charge of the judge on the several issues directing the jury to answer the issues in a certain way, if they believe the evidence. This presents substantially the same question raised by allowing a motion to nonsuit, as it requires a review of the evidence, and we have uniformly held that it is sufficient to except and assign error when a nonsuit is allowed.
In analogy to this ruling, the motion to dismiss upon this ground must be denied. The penalty for failure of brief when filed to comply with the new rules is that the Court will not consider exceptions (55) not discussed according to the rules. The case of Porter v. CigarBox Co., 164 N.C. 396 (80 S.E. 443), has no application to this record.
Motion denied.
Cited: Powell v. Lumber Co., 168 N.C. 638; Robinson v. B. of L. F. E.,170 N.C. 549; Furniture Co. v. Bussell, 171 N.C. 485; Brimmer v. Brimmer,174 N.C. 440; Mfg. Co. v. McPhail, 179 N.C. 386; R. R. v. Comrs.,188 N.C. 267; Cunningham v. Long, 188 N.C. 614; McCall v. Institute, 189 N.C. 781; Hooper v. Trust Co., 190 N.C. 426; Mills v. Kemp,196 N.C. 314; Bank v. Liles, 197 N.C. 418; West v. Jackson, 198 N.C. 694;Morris v. Y B Corp., 198 N.C. 718; Bank v. Trust Co., 199 N.C. 585;Austin v. George, 201 N.C. 381; Hargett v. Lee, 206 N.C. 539; Ins. Co. v.Dial, 209 N.C. 350; Dorman v. Goodman, 213 N.C. 410; Barrow v. Barrow,220 N.C. 72; Ins. Co. v. Knox, 220 N.C. 732; Blankenship v. English,222 N.C. 92; McLain v. Ins. Co., 224 N.C. 840; Tuttle v. Building Co.,228 N.C. 511.