SARAH ANN MERRITT v. F. W. DICK ET AL.

(Filed 22 April, 1915.)

1. **Appeal and Error—Assignments of Error—Rules of the Supreme Court—Motions—Appeal Dismissed.**

Assignments of error which only group the exceptions, as, "Group 1 includes the first assignment," etc., give no indication of the error complained of, and are far from being a compliance with the rule, and will be dismissed under Rule 19, subsec. 2. The Court on this appeal, for reasons stated, refused to grant appellant's motion to consider additional assignments filed.

2. **Pleadings—Amendments—Court's Discretion—Appeal and Error.**

Error assigned on appeal to the order of the trial judge permitting, in his discretion, a defendant to file an amended answer will not be considered on appeal when there is nothing to indicate that he had abused this discretionary power.

APPEAL by plaintiff from *Allen, J.,* at October Term, 1914, of NEW HANOVER.

Civil action, tried upon these issues:

1. Is the plaintiff as tenant in common the owner in fee of the lands in dispute and described in the complaint, and entitled to the possession thereof? Answer: "No."

2. Is the plaintiff's claim barred by the statute of limitations? Answer: ......

3. What damages, if any, is plaintiff entitled to recover of the defendant, Answer: ......

From the judgment rendered plaintiff appealed.

*K. C. Sidbury T. C. Wooten for plaintiff.*
*Davis & Davis, Bellamy & Bellamy for defendant.*

PER CURIAM. The defendants move to dismiss this action under Rule 19, subsection 2, for a failure to properly assign error. The plaintiff

assigned a number of additional assignments of error when the case was called for argument, and asked the court to consider them, which motion was taken under advisement.

In the record proper the original assignments of error are as follows: Group 1 includes the first assignment; Group 2 includes 3, 4, 5, 8, 10; 11, and 15; Group 3 includes 12, 13, and 14; Group 4 includes No. 16; Group 5, No. 17; Group 6, Nos. 22 to 40, inclusive.

It is manifest that these assignments are far from being a compliance with the rule. They give no indication whatever of the errors complained of, and would require an almost microscopical examination of the record to locate them.

We feel constrained to deny the motion, as it would require the filing of an entire new brief upon the part of the defendant. Nevertheless, we have looked informally into the additional assignments of error, filed at the time of the argument, and we think that they are without merit.

A controversy in respect to the location of the grant seems to be one almost exclusively of fact, and seems to have been properly submitted to the jury. The only error properly assigned in the original record is to the action of his Honor in permitting the defendant to file an amended answer. This was purely discretionary upon the part of the judge, and there is nothing in the record indicating that such discretion was abused.

No error.