GABE F. BYRD v. BEN W. SOUTHERLAND.

(Filed 3 October, 1923.)

**Appeal and Error—Objections and Exceptions—Rules of Court—Dismissal of Appeal—Instructions—Grouping Exceptions—Briefs.**

The rules of practice in the Supreme Court regulating appeals are mandatory upon all appellants alike, and are necessary for the proper and expeditious consideration of the Supreme Court, requiring that evidence excepted to be stated in its exact words, and also requests for instruction refused, with such accuracy of reference to the pages of the record as not to require the Court to search generally through it in order to understand the questions of law involved; and appellant's counsel will be deemed to have waived all exceptions omitted from their grouping thereof, etc., and not properly discussed in their briefs.

APPEAL by defendant from *Calvert, J.,* at March Term, 1923, of SAMPSON.

BYRD *v.* SOUTHERLAND.

*Stevens & Stevens and Butler & Herring for plaintiff.*
*A. McL. Graham for defendant.*

PER CURIAM. This is an action to recover commission for selling land. The jury responded, giving the plaintiff the amount of commissions asked for. There are 13 assignments of error of which the first is an example:

"1. That his Honor erred in permitting the plaintiff Byrd to testify what he told one Grady West. This assignment covered by first and second exceptions." (R., p. 5.)

There are eight exceptions to evidence, all in this phraseology.

Exception 9 is: "That his Honor erred in refusing defendant's fourth prayer for instructions. This is covered by 21st exception." (R., p. 16.)

There are four other exceptions of exactly the same tenor.

Under the rules of procedure in this Court, which we have often printed in the Reports, it is necessary for the proper consideration of exceptions that they shall state the exact words of the evidence refused that the Court may see and pass upon it without groping through the entire record.

In like manner in the exceptions for refusing prayers for special instruction, the special instruction should be set out that the Court may see if there was error therein, and not be left to find it in the body of the record.

Counsel are presumed to know their own case, and readily know where the exceptions can be found and the extent and tenor of the same. These exceptions must be grouped and set forth in regular order in the list of assignments of error.

In doing this, counsel can omit all unnecessary matters excepted to or which they wish to abandon, leaving the Court to pass only upon those matters which are material. Those which on reflection are not set forth and not brought forward in the assignments of error and in the brief will be deemed to be abandoned.

In this way the scope of our inquiry is narrowed to the identical points which the appellant thinks are material and essential, and the Court is not sent scurrying through the entire record to find the matters complained of.

The necessity of rules of practice, and our power to prescribe them, and the necessity of our uniformly enforcing these rules so there may be no waste of time (which should otherwise be given to the argument of causes), by discussing whether counsel was excusable in the neglect to observe the regulations, has been repeated by this Court so often that it ought not to be necessary for us to repeat it.

In *Lee v. Baird,* 146 N. C., 361, *Mr. Justice Hoke* fully discussed the rules of practice, stating that the Court had power to prescribe them; that they were mandatory and not directory, and pointing out the necessity of their observance by those who would present their cases on appeal. That case cites many others, and itself is cited by other cases in the annotated edition of that volume, and it was repeated by *Mr. Justice Hoke* in *Thompson v. R. R.* at next term, 147 N. C., 412, and has often been cited since in cases which are grouped also in the annotated edition. There have been other cases citing the above since, though less often owing to the understanding that the Bar has of the necessity of the rule for the dispatch of business and the easier examination of the questions presented for our consideration, and for saving time by not debating the degree to which counsel think they are excusable for not observing the regulations prescribed for hearing appeals.

Not one of these thirteen exceptions throws the slightest light upon the questions upon which we are asked by this appeal to pass, without the Court going through the record, page by page and line by line, to ascertain of what the appellant is complaining.

The reasonableness of the rules, which are for the sole purpose of facilitating the discussion of appeals and the necessity which the Court is under to enforce them impartially in all cases, is generally appreciated, and we are now rarely called upon to pass upon failure to observe these regulations, and when this does occur, the appeal is dismissed without more than reference to the fact.

In this particular case we have, however, carefully examined each of the assignments of error at some expense of time, and find that there is no ground on which error can be asserted.

We trust that our brethren of the Bar, in justice to themselves and as a saving of time, and also out of consideration for the fact that as far as possible the attention of the Court should be given solely to substantial errors alleged to have occurred in the trial, and which are sufficiently and clearly assigned, will not occupy our time or theirs in the discussion of how far counsel may think he is excused in not following the regulations necessary for the orderly presentation of the points evolved as ground of error on the appeal.

The rules have been modified from time to time, as experience has dictated to us or the suggestions of the brethren of the Bar that modification might make the practice on appeal simpler, or facilitate in any way the hearing of causes.

The rules of practice, both of the Supreme and Superior Court, have been carefully reëxamined and all modifications incorporated and are printed in 185 N. C., 785 to 813.

Appeal dismissed.