C. M. CECIL, TRUSTEE, AND N. C. LOWE v. SNOW LUMBER COMPANY.

(Filed 17 April, 1929.)

**Appeal and Error F a—Assignment of errors under Rules of Court.**

Where exceptions and assignments of error in a special municipal court are overruled upon appeal to the Superior Court, and are again relied on in an appeal to the Supreme Court, they must be sufficiently definite to enable the Supreme Court to understand what questions are sought to be presented without a voyage of discovery through the record, Rule 19, sec. 3, and otherwise the appeal will be dismissed on the appellee's motion.

APPEAL by defendant from *Shaw, J.,* at December Term, 1928, of GUILFORD.

Civil action to recover funds alleged to have been deposited in the Commercial National Bank of High Point by C. M. Cecil, trustee, and seized under execution by the Snow Lumber Company.

The case was tried in the municipal court of the city of High Point, the court of first instance, where findings were made in favor of the plaintiffs and judgment entered thereon. On appeal to the Superior Court of Guilford County, these findings were approved and the judgment of the municipal court affirmed.

The defendant appeals, assigning error as follows:

"The errors heretofore assigned in the Superior Court are hereby assigned in the Supreme Court, and as same were duly grouped in the Superior Court, appellant does not deem it necessary to restate and group same."

The assignments of errors in the Superior Court were as follows:

"On appeal to the Superior Court, the defendant hereunder groups its exceptions and respectfully assigns in error the actions of the court as set out in its respective exceptions and assignments of error, as follows: Exception No. 6 (R., p. 38). Refusal of court to make the finding of facts, to draw the conclusions of law and to sign the judgment as tendered by the defendant, as set out in the record.

"Exception No. 7 (R., p. 38). The signing of the judgment as set out in the record."

Looking back into the record, it appears that the "special verdict, conclusions of law and judgment" tendered by the defendant, the subject of the sixth exception, covers more than eight pages of the record, and the judgment signed, the subject of the seventh exception, covers approximately five pages. The exceptions are not specific.

*C. C. Barnhart, Robinson, Haworth & Reese and Z. I. Walser for plaintiffs.*

*Peacock & Dalton and Austin & Turner for defendant.*

STACY, C. J. The municipal court of the city of High Point was created as a "special court for the trial of petit misdemeanors" by chapter 569, Public-Local Laws 1913. It was given civil jurisdiction in certain cases by chapter 699, Public-Local Laws 1927, with the right of either the plaintiff or the defendant in civil actions or the defendant in any criminal action and the State in certain criminal prosecutions to appeal to the Superior Court of Guilford County in term time "for errors assigned in matters of law in the same manner and under the same requirements as are now provided by law for appeals from the Superior Court to the Supreme Court," etc. This means that in hearing cases on appeal from the municipal court of the city of High Point, the Superior Court of Guilford County sits as an appellate court, subject to review by the Supreme Court.

The assignments of error, appearing on the present record, are not sufficiently definite to enable the court to understand what questions are sought to be presented, without a voyage of discovery through the record. *Sturtevant v. Cotton Mills,* 171 N. C., 119, 87 S. E., 992. Hence, the motion of plaintiffs to dismiss the appeal and to affirm the judgment for failure to comply with Rule 19, sec. 3, would seem to be well founded. *Porter v. Lumber Co.,* 164 N. C., 396, 80 S. E., 443.

We have examined the record, however, and find no reversible error. *Thresher Co. v. Thomas,* 170 N. C., 680, 87 S. E., 327.

Appeal dismissed.