### F. L. SMITH v. THE TEXAS COMPANY.

#### (Filed 19 December, 1930.)

**Appeal and Error F a—In this case sole exception to Superior Court judgment affirming county court judgment cannot be sustained.**

Where an appeal in a civil action is taken from the judgment of a county court to the Superior Court, which affirms the judgment appealed from, on further appeal to the Supreme Court without specific exceptions and assignments of error required by Rule 19 (3) to the proceedings in the Superior Court based on exceptions duly taken and presented in the county court, only matters of law or legal inference will be considered in the Supreme Court, and where the only exception is to the judgment and error does not appear therein, the judgment will be affirmed; and ordinarily when assignments of error are not duly taken and made to appear of record in the Supreme Court, the appeal, on motion, will be dismissed. C. S., 1608 (cc).

APPEAL by defendant from *Oglesby, J.,* at October Term, 1930, of BUNCOMBE. Affirmed.

This action to recover damages for the breach by defendant of a contract and lease, with respect to a service station, was commenced in the General County Court of Buncombe County by summons dated 2 April, 1930. It was tried on the issues raised by the pleadings at June Term, 1930, of said court. The issues submitted to the jury at said trial were answered as follows:

"1. Did the plaintiff and defendant enter into a contract and lease for the Alexander Service Station for a period beginning 15 November, 1929, and ending 14 November, 1930, as alleged in the complaint? Answer: Yes.

2. If so, did the defendant breach said contract and lease as alleged in the complaint? Answer: Yes.

3. Did the defendant agree to pay the rent on the service station located on Burnsville Hill, as alleged in the complaint? Answer: Yes.

4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $600."

From judgment on the foregoing verdict, signed by the judge of the General County Court of Buncombe County, defendant appealed to the Superior Court of said county. On this appeal defendant duly assigned as error adverse rulings of the trial court on its objections to the admission and exclusion of evidence, and on its motion for judgment as of nonsuit. It also assigned as error certain instructions of the court to the jury, to which it had duly excepted.

This appeal was heard at October Term, 1930, of the Superior Court of Buncombe County by the judge presiding at said term. Defendant's assignments of error on said appeal were not sustained. The judgment of said court was affirmed.

From the judgment of the Superior Court defendant appealed to the Supreme Court.

*Edward W. McMahan and Carl W. Greene for plaintiff.*
*Bourne, Parker, Arledge & DuBose for defendant.*

CONNOR, J. The transcript filed in this Court on defendant's appeal from the judgment of the Superior Court contains no grouping of exceptions or assignments of error as required by the rules of this Court. Rule 19(3), 192 N. C., p. 847. Defendant's assignments of error on its appeal from the judgment of the General County Court to the Superior Court of Buncombe County, cannot be considered by this Court. *Davis v. Wallace,* 190 N. C., 543, 130 S. E., 176. By these assignments of error, defendant presented to the Superior Court its contention that the judgment of the General County Court in this action should be reversed, and the action dismissed, or at least that a new trial should be granted, for errors in matters of law, at the trial in the General County Court; this contention was considered and passed on by the Superior Court, in the exercise of its statutory appellate jurisdiction. C. S., 1608(cc). Defendant's contention was not sustained. The judgment of the General County Court was affirmed. Defendant contends that there was error in the hearing of its appeal to the Superior Court, and that for this error the judgment of the Superior Court should be reversed by this Court, to the end that it shall have a new trial in the General County Court.

On an appeal to this Court from the judgment of the Superior Court, affirming or reversing the judgment of the General County Court, in the exercise of its appellate jurisdiction under C. S., 1608(cc), this Court may consider and pass only on the contention of the appellant that there was error in matters of law at the hearing in the Superior Court. This contention must, however, be presented to this Court by assignments of error based on exceptions to specific rulings of the judge of the Superior Court, on the assignments of error appearing in the case on appeal filed

GODFREY *v.* COACH CO.

in the Superior Court. These assignments of error are based on excep-
tions taken by the appellant during the course of the trial in the General
County Court; they present the appellant's contentions only as to mat-
ters of law, and should be passed upon, specifically, by the judge of the
Superior Court. *Smith v. City of Winston-Salem,* 189 N. C., 178, 126
S. E., 514. In the absence of assignments of error appearing in the
transcript on an appeal to this Court, the appeal will ordinarily be dis-
missed on the motion of the appellee. Where, however, no error appears
in the record proper, the judgment may be affirmed.

In the instant case, the only exception appearing in the record, is to
the judgment. We find no error in the judgment. The exceptions can-
not be sustained. The judgment is, therefore,

Affirmed.