W. M. SANDERS ET AL., v. MARY P. SANDERS ET AL.

(Filed 23 September, 1931.)

1. **Appeal and Error F b—Exception to judgment as signed is without merit where verdict supports judgment.**

   An exception only to the judgment signed is without merit on appeal when the verdict supports the judgment.

2. **Appeal and Error F c—Assignments of error must be supported by exceptions duly entered.**

   Under the requirements of Rule 19 of Practice in the Supreme Court only exceptive assignments of error properly appearing of record are considered, and where no assignments of error appear in the statement of the case on appeal, but only purported assignments are added, after the case has been filed in the Supreme Court, alleging errors appearing on the face of the statement of case on appeal, the case will be dismissed for noncompliance with the rule.

3. **Appeal and Error E c—Where record does not comply with Rules of Court the appeal will be dismissed.**

   Where no summons appears in the record in the case on appeal and there is nothing to show that the term of court was regularly held or that the cause was properly constituted in court the case will be dismissed under Rule 19.

APPEAL by defendants from *Sinclair, J.,* at February Term, 1931, of JOHNSTON.

Civil action to recover on a promissory note, tried upon the following issue:

"In what amount, if any, are the defendants indebted to the plaintiffs? Answer: $690.98 with interest."

Judgment on the verdict for plaintiffs, from which the defendants appeal.

*G. A. Martin for plaintiffs.*
*E. J. Wellons for defendants.*

STACY, C. J. The following appears in the agreed statement of case on appeal: "The defendants' only exception is to the order of the court striking out the further defense of the defendants and directing a verdict."

At the close of the case it is stated: "The only exception was to the judgment as signed." This, of course, is without merit, as the verdict supports the judgment.

No assignments of error accompanied the case as certified by the clerk of the Superior Court, but certain purported assignments of error

have been added since the case was filed here, one of which is to an alleged "error appearing on the face of the statement of case on appeal." Only exceptive assignments of error are considered on appeal. Rule 19, Rules of Practice, 200 N. C., 824; *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175.

Furthermore, the transcript is imperfect, in that, no summons appears in the record and there is nothing to show that the term of court was regularly held or that the cause was properly constituted in court. *Jones v. Hoggard,* 107 N. C., 349, 12 S. E., 286. In this state of the record, the appeal must be dismissed for failure to comply with the rules. *Hobbs v. Cashwell,* 158 N. C., 597, 74 S. E., 23; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.