### IN RE WILL OF S. EMILY BEARD.

#### (Filed 27 April, 1932.)

1. **Appeal and Error E c—Exceptions must be brought forward and specifically pointed out.**

    Exceptions must be brought forward and specifically pointed out, Rule 19, sec. 3.

2. **Appeal and Error F c—Only exceptive assignments of error will be considered.**

    Only exceptive assignments of error will be considered on appeal.

3. **Appeal and Error G b—Exceptions must be discussed in briefs.**

    Exceptions in the record not set out in appellant's brief, or in support of which no argument or reason is stated or authority cited, will be taken as abandoned. Rule 28.

4. **Appeal and Error K d—Motion to affirm allowed in this case.**

    Where the appellant has failed to properly present any exceptive assignments of error and the judgment is supported by the verdict, the appellee's motion to affirm the judgment will be allowed.

APPEAL by caveators from *Schenck, J.,* at September Term, 1931, of GASTON.

Issue of *devisavit vel non,* raised by a caveat to the will of S. Emily Beard. Alleged mental incapacity and undue influence are the grounds upon which the caveat is based.

From a verdict and judgment establishing the paper-writing, and every part thereof, as the last will and testament of the testatrix, the caveators appeal.

*A. C. Jones, Cherry & Hollowell and Bulwinkle & Dolley for propounders.*

*John G. Carpenter and Ernest R. Warren for caveators.*

STACY, C. J. The assignments of error are presumably based upon exceptions in the record, though they are neither brought forward nor specifically pointed out. *Merritt v. Dick,* 169 N. C., 244, 85 S. E., 2.

This falls short of the requirements of Rule 19, sec. 3, of the Rules of Practice in the Supreme Court, 200 N. C., 824; *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175. Only exceptive assignments of error are considered on appeal. *Dixon v. Osborne,* 201 N. C., 489; *Sanders v. Sanders,* 201 N. C., 350, 160 S. E., 289; *S. v. Freeze,* 170 N. C., 710, 86 S. E., 1000. The Constitution, Art. IV, sec. 8, empowers the Supreme Court "to review on appeal any decision of the courts below, upon any matter of law or legal inference"; and this is to be presented in accordance with the mandatory rules of the Supreme Court. *Calvert v. Carstarphen,* 133 N. C., 25, 45 S. E., 353. The Court has not only found it necessary to adopt rules of practice, but equally necessary to enforce them and to enforce them uniformly. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Byrd v. Southerland,* 186 N. C., 384, 119 S. E., 2.

Furthermore, "exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." Rule 28; *Gray v. Cartwright,* 174 N. C., 49, 93 S. E., 432. The relation between appellants' brief and the record is discernible only after a voyage of discovery. *Sturtevant v. Cotton Mills,* 171 N. C., 119, 87 S. E., 992. For this, we are furnished no guides. *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735. The brief is without citation of authorities. *Porter v. Lumber Co.,* 164 N. C., 396, 80 S. E., 443. The appeal seems to be an adventure in postulation.

The judgment is supported by the verdict, hence the motion to affirm will be allowed. *Wheeler v. Cole,* 164 N. C., 378, 80 S. E., 241; *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713.

Affirmed.