BAKER v. CLAYTON.

---

JOHN A. BAKER ET AL. v. MRS. E. S. CLAYTON.

(Filed 18 May, 1932.)

1. **Appeal and Error E c: F c—Where appeal is taken from county court the entire record need not be sent up on further appeal to Supreme Court.**

   Appeals from a general county court falling within the provisions of C. S., 1608(cc) are allowed to the Superior Court, the jurisdiction of the Superior Court being appellate upon questions of law or legal inference, and on further appeal to the Supreme Court it is not desirable that the entire record in the Superior Court be sent up, but only such parts as relate to the questions to be reviewed with only material exceptions, properly stated, grouped and sufficiently compiled to enable the Court to understand them without searching through the record.

2. **Appeal and Error C f—Rules regulating appeals are mandatory.**

   The Rules of the Supreme Court regulating appeals thereto are mandatory and the Court will uniformly enforce them.

3. **Appeal and Error J d—Burden is on appellant to show error.**

   The burden of showing error is on the appellant, and when he has failed to overcome the presumption against error the judgment will be affirmed.

APPEAL by defendant from *Sink, J.,* at April Term, 1932, of BUN-COMBE.

Civil actions to recover damages for alleged negligent infliction of personal injuries, consolidated for purpose of trial, and tried in the General County Court of Buncombe County, March Term, 1932, heard on appeal to Buncombe Superior Court, April Term, 1932.

The record discloses that John A. Baker, his wife, Nettie A. Baker, and three of their minor children, Martha, Albert and Alice, were injured in an automobile collision with defendant's car on 30 August, 1931. Five separate suits were instituted in the General County Court by the plaintiffs, which were consolidated for purposes of trial. Nonsuits were entered in the cases of the two adult plaintiffs, and the issue of negligence, in the consolidated suits of the three minor children, was answered in favor of the defendant. A counterclaim was set up against Nettie A. Baker, owner of the car in which plaintiffs were riding, for damages to defendant and her car. On this counterclaim, the issue of negligence was answered "No," and that of contributory negligence "Yes." There was no appeal from the judgment denying recovery on the counterclaim.

On appeal to the Superior Court by plaintiffs, the nonsuit judgments in the cases of the two adult plaintiffs were reversed, and a new trial ordered in the suits of the three minor children for errors committed during the trial.

From these rulings, the defendant appeals.

*Joseph W. Little for plaintiffs.*
*Johnson, Smathers & Rollins for defendant.*

STACY, C. J. The General County Court of Buncombe County was established in 1929, pursuant to chapter 159, Public Laws 1929, which brought said county within the operation of the general statutes on the subject. *Jones v. Oil Co., ante,* 328.

It is provided by 3 C. S., 1608(cc) that appeals in civil actions may be taken from the General County Court to the Superior Court of the county in term time for errors assigned in matters of law "in the same manner as is now provided for appeals from the Superior Court to the Supreme Court"; and from the judgment of the Superior Court an appeal may be taken to the Supreme Court "as is now provided by law." This means that in hearing civil cases on appeal from the General County Court, the Superior Court sits as an appellate court, subject to review by the Supreme Court. *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735.

On appeal to this Court, it is neither essential nor desirable that the entire record in the Superior Court should be sent up, but only such

parts thereof as may be necessary to present the questions sought to be reviewed. Rule 19(1); *Hilton v. McDowell,* 87 N. C., 364. In other words, the record on appeal to the Superior Court from the judgment of the county court is not, and, except perhaps in rare instances, *e. g.,* nonsuit or demurrer, ought not to be made the record on appeal to the Supreme Court. *Smith v. Texas Co.,* 200 N. C., 39, 156 S. E., 160; *Davis v. Wallace,* 190 N. C., 543, 130 S. E., 176. The purpose of the "case on appeal" is to set forth clearly and succinctly the matters assigned as error. *Mfg. Co. v. Barrett,* 95 N. C., 36.

Objections, which, upon reflection, can readily be seen to have no substantial merit, should be omitted from appellant's assignments of error (*Thompson v. R. R.,* 147 N. C., 412, 61 S. E., 286), and only such rulings of the Superior Court as are challenged should be brought forward, in accordance with Rule 19(3), for consideration by the Supreme Court. *Porter v. Lumber Co.,* 164 N. C., 396, 80 S. E., 443. "In this way the scope of our inquiry is narrowed to the identical points which the appellant thinks are material and essential, and the Court is not sent scurrying through the entire record to find the matters complained of." *Byrd v. Southerland,* 186 N. C., 384, 119 S. E., 2.

We have held in a number of cases that the rules, governing appeals to this Court, are mandatory and not directory. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126. These include the requirement that the exceptions and assignments of error shall be properly "grouped and stated." *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175; *Taylor v. Hayes,* 172 N. C., 663, 90 S. E., 801; *Register v. Power Co.,* 165 N. C., 234, 81 S. E., 326.

The following is the substance of what *Hoke, J.,* speaking for the Court, had to say on the subject in *Lee v. Baird,* 146 N. C., 361: The rules governing appeals have been adopted after extended and careful reflection, and because they were found necessary to a proper performance of the public business of the Court, not alone with reference to its reasonable dispatch, but in giving the Court a more accurate understanding of causes on appeal, thereby greatly aiding us to an intelligent consideration of the questions presented, and to a determination of controversies on their real merits. Furthermore, a proper compliance with the rules is fair and just to opposing counsel, giving them, as it does, an opportunity to know the positions they will be required to discuss, so that they may be better prepared to aid the Court in making true deliverance on the rights of the parties, the purpose which we all have most earnestly at heart. Counsel for appellant, in "grouping and stating" his exceptions and assignments of error, should give the matter careful consideration, to the end that the Court may have the benefit

of his mature judgment and fuller information as to the real questions involved in the controversy. "It is not our desire or purpose to be unreasonable or exacting in respect to this last suggestion. It is made, rather, with the view of impressing upon counsel our deep sense of the importance and value of their giving to the Court, in its decisions of these causes on appeal, the benefit of their reflection and careful preparation."

The Constitution, Art. IV, sec. 8, empowers the Supreme Court "to review on appeal any decision of the courts below, upon any matter of law .or legal inference"; and the decision sought to be reviewed is to be presented in accordance with the mandatory rules of the Supreme Court. *Calvert v. Carstarphen,* 133 N. C., 25, 45 S. E., 353. The Court has not only found it necessary to adopt rules of practice, but equally necessary to enforce them and to enforce them uniformly. *Pruitt v. Wood, supra.*

In the instant case, there are twelve assignments of error, all of the same tenor, of which the following may be taken as typical: "Assignment of error No. 6: The defendant assigns as error the ruling of his Honor, H. Hoyle Sink, in sustaining plaintiffs' exception 28, as appears by the record. (R. p. 127.)" Turning to page 127 of the record, we find the following in the judgment of the Superior Court: "Plaintiffs' exception 28 is sustained and the judge of the county court is overruled. Defendant excepts. This constitutes defendant's exception No. 6." But what is plaintiffs' exception 28 and where can it be found? This requires a voyage of discovery through the record. *In re Beard's Will, ante,* 661; *Sturtevant v. Cotton Mills,* 171 N. C., 119, 87 S. E., 992.

Speaking to the question as to how assignments of error should be made and what they should contain, *Hoke, J.,* delivering the opinion of the Court in *Thompson v. R. R.,* 147 N. C., 412, said: "If the exception be to a ruling of the court on a question of evidence, the testimony should be set out so its relevancy can be seen. And if the exception is to some other ruling of the court or some other matter occurring at the trial, the ruling itself or the attendant facts and circumstances should be so stated that its bearing on the controversy could be perceived to some extent in reading the assignment itself." See, also, *Rawls v. Lupton, supra; Merritt v. Dick,* 169 N. C., 244, 85 S. E., 2; *Jones v. R. R.,* 153 N. C., 419, 69 S. E., 427; *McDowell v. Kent,* 153 N. C., 555, 69 S. E., 626; *Smith v. Mfg. Co.,* 151 N. C., 260; 65 S. E., 1009; C. S., 643, and annotations.

Notwithstanding the condition of the record, we have examined the defendant's assignments of error—the course pursued in *Taylor v. Hayes, supra*—and have discovered no valid reason for disturbing the judgment

of the Superior Court. The laboring oar, which appellant must take in order to overcome the presumption against error, has not been successfully handled. *Jackson v. Bell,* 201 N. C., 336, 159 S. E., 926; *Poindexter v. R. R.,* 201 N. C., 833, 160 S. E., 767; *Bailey v. McKay,* 198 N. C., 638, 152 S. E., 893.

Affirmed.