E. H. McMAHAN, Administrator, v. SOUTHERN RAILWAY COMPANY.

(Filed 4 January, 1933.)

1. **Appeal and Error C a—Case on appeal from county court is not case on appeal from Superior Court, and new case must be settled.**

     Except in rare instances the case on appeal to the Superior Court from the county court ought not to be made the case on appeal to the Supreme Court, and in those cases where the case on appeal to the Superior Court is permissible or desirable to be used on appeal to the Supreme Court it must be settled in some accredited way. C. S., 643, 644.

2. **Appeal and Error C g—On motion in Superior Court to dismiss appeal movant should ask that appeal should be adjudged abandoned.**

     Where the appellee moves in the Superior Court that the appeal be dismissed for appellant's failure to serve statement of case on appeal within the time allowed, the appellee should ask the court to ascertain and adjudge that the appeal had been abandoned, and where this has not been done the Superior Court is technically without authority to dismiss the appeal.

3. **Appeal and Error E h—In absence of proper statement of case on appeal Supreme Court is confined to consideration of record proper.**

     Where there is no proper statement of case on appeal due to the appellant's failure to serve it on appellee within the time prescribed, and the appellee's motion in the Superior Court to dismiss the appeal is erroneously granted in that the appellee failed to request the court to ascertain and adjudge that the appeal had been abandoned, on appeal

from the judgment of the Superior Court the Supreme Court is limited to a consideration of the record proper, there being no proper statement of case on appeal, and where no error appears on the face thereof the judgment will be affirmed.

Appeal by defendant from *Sink, J.,* at March and June Terms, 1932, of Buncombe.

Civil action, arising under Federal Employers Liability Act, to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendant.

Plaintiff's intestate was fatally injured 16 October, 1930, while engaged in lifting hand car from track, preparatory to clearing it for oncoming train. He was member of a track repair crew. Suit was instituted in the General County Court of Buncombe County, 10 July, 1931, which resulted in judgment of nonsuit on the hearing. Plaintiff appealed, the "case on appeal to the Superior Court" being settled by agreement of counsel. From judgment reversing the nonsuit in the General County Court and remanding the cause for trial in accordance with said reversal, the defendant excepted and gave notice of appeal to the Supreme Court. "Appellant allowed 30 days (from 19 March, 1932) in which to make and serve case on appeal to the Supreme Court, and appellee 10 days thereafter in which to serve countercase or exceptions." No statement of case on appeal from the judgment of the Superior Court to the Supreme Court having been served on plaintiff or his counsel within the 30 days allowed therefor, judgment was entered at the June Term, 1932, Buncombe Superior Court, after notice, dismissing the appeal and remanding the case to the General County Court for trial in accordance with the former judgment. Defendant again gave notice of appeal, and on its appeal from this judgment duly served statement of case.

*Carl W. Greene and J. W. Pless for plaintiff.*
*R. C. Kelly and Jones & Ward for defendant.*

Stacy, C. J., after stating the case: If the judgment, entered at the June Term, Buncombe Superior Court, dismissing defendant's appeal, be correct, the sufficiency of the evidence under the Federal rule (*Hubbard v. R. R., ante,* 675) to carry the case to the jury would not reach us for decision on this appeal.

Defendant says that as only one question was presented or passed upon in the Superior Court on its appeal from the judgment of nonsuit entered in the General County Court, to wit, the sufficiency of the evidence to carry the case to the jury, no statement of case on appeal to the Supreme Court was necessary; and, for this position, the decision

in *Baker v. Clayton,* 202 N. C., 741, 164 S. E., 233, is cited as authority. But the *Baker case* holds otherwise. There, it was said: "The record on appeal to the Superior Court from a judgment of the county court is not, and except perhaps in rare instances, *e. g.,* nonsuit or demurrer, ought not to be made the record on appeal to the Supreme Court." And in those cases where it is permissible or desirable to use the record on appeal to the Superior Court as the record on appeal to the Supreme Court, it must be made such, or "settled as the case on appeal," in some accredited way, either by agreement of counsel or as provided by C. S., 643 and 644.

Technically, however, the plaintiff was not entitled to have the appeal dismissed. *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713; *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126. *Non constat* that error may not appear on the face of the judgment. The Court was not asked to ascertain and adjudge that the appeal had been abandoned. *Pentuff v. Park,* 195 N. C., 609, 143 S. E., 139; *Dunbar v. Tobacco Growers,* 190 N. C., 608, 130 S. E., 505; *Avery v. Pritchard,* 93 N. C., 266.

But as no reversible error appears on the face of the record proper, to which we are now limited in our consideration—there being no proper statement of case on appeal—the judgment will be upheld.

Affirmed.