H. W. KINDLER v. HUNSDON CARY and R. H. BOYER.

(Filed 4 January, 1933.)

1. **Appeal and Error E c—Record on appeal from county court is not proper record on further appeal from Superior Court.**

   It is neither essential nor desirable that the record on appeal from a county court should be made the record on appeal from the Superior Court, upon the further appeal it being advisable that the record should be limited to those matters related to the questions sought to be presented upon exceptions to the judgment of the Superior Court.

2. **Appeal and Error F d—Only rights of appealing parties can be considered in Supreme Court.**

   Where in an action in a county court against two defendants the jury finds that one of them was not liable to the plaintiff and the plaintiff does not appeal from the verdict, and the other defendant appeals to the Superior Court from a verdict against him, and in the Superior Court the appealing defendant's demurrer to the evidence is sustained, upon further appeal to the Supreme Court the judgment will be affirmed where the record fails to show sufficient evidence to carry the case to the jury as against the appealing defendant.

APPEAL by plaintiff from *Clement, J.,* at August Term, 1932, of BUNCOMBE.

Civil action to recover for plumbing repairs.

Plaintiff is engaged in the plumbing business in Asheville. The defendant, Hunsdon Cary, a resident of Richmond, Virginia, is the owner of Mountain Meadows Inn. This hostelry was leased, through R. H. Boyer, real estate agent, to one Frank Plummer. The lessee was to make all repairs. Plaintiff did the repair work in question under an alleged guarantee from Boyer that the bill would be paid. Plummer left Asheville without paying plaintiff for his work.

Suit was brought in the General County Court where the following verdict was rendered:

"1. Is the defendant, Hunsdon Cary, indebted to the plaintiff, and if so, in what amount? Answer: Yes, $237.92.

"2. Is the defendant, R. H. Boyer, indebted to the plaintiff, and if so, in what amount? Answer: No, nothing."

Judgment on the verdict, from which the defendant, Hunsdon Cary, appealed to the Superior Court of Buncombe County, assigning seventeen errors on said appeal. The plaintiff did not appeal from the judgment acquitting R. H. Boyer of liability.

In the Superior Court defendant's demurrer to the evidence was sustained, and the case remanded with direction that it be nonsuited as to Hunsdon Cary. From this ruling, the plaintiff appeals, and the record on appeal to the Superior Court from the judgment of the General County Court has been adopted as the statement of case on appeal to the Supreme Court.

*Anderson & Howell for plaintiff.*
*Bourne, Parker, Bernard & DuBose for defendant.*

STACY, C. J. This case affords a striking illustration of the wisdom of the decision in *Baker v. Clayton,* 202 N. C., 741, 164 S. E., 233, wherein it is suggested as neither essential nor desirable that the record on appeal to the Superior Court from the General County Court be made the record on appeal to the Supreme Court. Compare, also, *McMahan v. R. R., ante,* 805. The only question presented for our consideration is the sufficiency of the evidence to carry the case to the jury on plaintiff's alleged right to recover from the owner for plumbing repairs done at the instance of the lessee, yet twenty pages of the record are taken up with the trial court's charge to the jury and the seventeen assignments of error made on defendant's appeal to the Superior Court. The size of the record might well have been reduced to this extent, at least.

While the testimony adduced on the hearing would seem to justify a recovery against R. H. Boyer (*Chemical Co. v. Griffin,* 202 N. C., 812,

164 S. E., 577, *Newbern v. Fisher,* 198 N. C., 385, 151 S. E., 875) had the jury not decided otherwise, nevertheless the plaintiff did not appeal from the verdict in Boyer's favor, and we have found no evidence on the record sufficient to carry the case to the jury as against the owner, Hunsdon Cary. *McMichem v. Brown,* 73 S. E. (Ga. App.), 691. This seems to work an unfortunate result so far as the plaintiff is concerned, but in the present state of the record, we are powerless to help him. On the other hand, it is possible that the correct result has been reached. We do not say that it has not.

Affirmed.