R. H. THEILING v. GEORGE B. WILSON ET AL.

(Filed 4 January, 1933.)

**1. Master and Servant B d—Employee due salary cannot recover of third person upon allegation that third person owed employer.**

A complaint in an action against the plaintiff's employer and a third person alleging that the employer was insolvent and was indebted to the plaintiff and that the third person was indebted to the employer for the work for which the plaintiff was due the salary, fails to state a cause of action against such third person.

**2. Appeal and Error G a—**

Where the appellant fails to file printed or mimeographed copies of brief as required by Rule 27, the appeal will be dismissed.

APPEAL by plaintiff from *MacRae, Special Judge,* at June Term, 1932, of MECKLENBURG.

Civil action to recover for services rendered as an accountant.

The complaint alleges:

1. That the defendant, George B. Wilson, trading as George B. Wilson and Company, was employed by the board of commissioners of Mecklenburg County to audit the books of the clerk of the Superior Court of said county.

2. That the plaintiff, an employee of the said George B. Wilson and Company, is now due the sum of $781.21 for salary and commissions earned in connection with the auditing of the books of the said clerk's office.

3. That the plaintiff's employer, George B. Wilson and Company, is insolvent and that notice has been given to the defendant, board of county commissioners, of plaintiff's claim; wherefore, demand is made that plaintiff have judgment against both defendant, his employer and the board of county commissioners.

Demurrer interposed by the board of county commissioners on the ground that the complaint fails to state facts sufficient to constitute a cause of action against said board; demurrer sustained; plaintiff appeals.

*William Milton Hood for plaintiff.*
*H. C. Dockery and Jos. H. McConnell for defendant, commissioners.*

STACY, C. J. No cause of action is stated against the board of commissioners of Mecklenburg County. The plaintiff simply alleges that his employer is indebted to him and that the board of county commissioners is indebted to his employer. The demurrer was properly sustained. *Aman v. Walker,* 165 N. C., 224, 81 S. E., 162.

But for a different reason, the appeal must be dismissed. Plaintiff has failed to file printed or mimeographed copies of brief as required by Rule 27. To dispense with the rule in this case would require its abrogation. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Byrd v. Southerland,* 186 N. C., 384, 119 S. E., 2.

Appeal dismissed.