SALLIE JENKINS ET AL. v. A. T. CASTELLOE, TRUSTEE, ET AL.

(Filed 18 September, 1935.)

1. **Courts A c—Upon appeal from county court, Superior Court should specifically state rulings on exceptions upon which new trial is awarded.**

When an appeal is taken from the general county court to the Superior Court for errors assigned in matters of law, as authorized by C. S., 1608 (cc), and a new trial is granted by the Superior Court, it is essential that the rulings upon exceptions granting the new trial be specifically stated, so that in case of appeal to the Supreme Court, they may be separately assigned as error in accordance with Rule 19 (3) of the Rules of Practice in the Supreme Court, and properly considered on appeal. In this case numerous exceptions to the charge were assigned as error on appeal to the Superior Court, and the Superior Court granted a new trial for error in the charge "as set out in the exceptions." The cause is remanded by the Supreme Court for proceedings in accordance with the rule.

2. **Same: Appeal and Error F c—Where Superior Court affirms judgment of county court, appellant should bring forward only rulings deemed erroneous.**

When an appeal is taken from the general county court to the Superior Court for errors assigned in matters of law, as authorized by C. S., 1608 (cc), and the judgment of the general county court is affirmed by the Superior Court, it follows that each and all of the exceptions, properly presented, were overruled; hence, in assigning errors on appeal to the Supreme Court, it is necessary for appellant to bring forward such of the rulings, but only such, as he deems erroneous, in accordance with the requirements of Rule 19 (3) of the Rules of Practice in the Supreme Court.

APPEAL by plaintiffs from *Small, J.,* at November Term, 1934, of BERTIE.

Civil action (1) to restrain foreclosure under power of sale in deed of trust, (2) to have plaintiffs declared the owners of the note and deed of trust, and (3) to foreclose in equity, instituted and tried in the general county court of Bertie County, resulting in verdict and judgment for plaintiffs. On appeal to the Superior Court, on matters of law, thirty-eight exceptions were assigned as error, nine being to por-

tions of the charge.   The following judgment was entered in the Superior Court:

"The court finds error in the charge of the court, as set out in the exceptions noted."

The cause was thereupon remanded to the General County Court for a new trial.

Plaintiffs appeal, assigning as error the supposed rulings upon each and all of the exceptions taken to the charge by the defendants on their appeal to the Superior Court.

*J. H. Matthews for plaintiffs.*
*J. A. Pritchett for defendants.*

STACY, C. J.   In order to sustain the judgment of the Superior Court it would be necessary for us to assume that the judge intended to find, and did find, error in each and all of the nine exceptions taken to the charge.   Manifestly, this was not his intention.   Some of the exceptions are too attenuate to warrant such assumption.   Yet, on the record as presented, we are called upon to consider each and all of them as having been sustained.

It was said in *Smith v. Winston-Salem,* 189 N. C., 178, 126 S. E., 514, that when the Superior Court is sitting as an appellate court, subject to review by the Supreme Court, and a new trial is awarded, it is desirable for the judge to state separately the rulings which he considers erroneous and which induced his judgment.   *Davis v. Wallace,* 190 N. C., 543, 130 S. E., 176.   This suggestion has been generally followed, with only a few exceptions.   It now seems appropriate that it be made a requirement to insure uniformity in the practice.   *Smith v. Texas Co.,* 200 N. C., 39, 156 S. E., 160.

When a case is tried originally in the Superior Court, and a new trial is there awarded for errors of law committed during the trial, and not in the court's discretion, the judge is required to state separately the matters which he considers erroneous and which induced his action.   *Powers v. City of Wilmington,* 177 N. C., 361, 99 S. E., 102.   If this were not the rule, a "fishing expedition" or excursion through the record would be required in all such cases on appeal.   This is contrary to the rule of practice in the Supreme Court.   *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175; *McKinnon v. Morrison,* 104 N. C., 354, 10 S. E., 513; *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299; *In re Will of Beard,* 202 N. C., 661, 163 S. E., 748; *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735.

The rule, then, may be stated as follows:

1. When an appeal is taken from the general county court to the Superior Court for errors assigns in matters of law, as authorized by

C. S., 1608 (cc), and a new trial is granted by the Superior Court, it is essential that the rulings upon exceptions granting the new trial be specifically stated, so that in case of appeal to the Supreme Court they may be separately assigned as error in accordance with Rule 19 (3) of the Rules of Practice in the Supreme Court, and properly considered on appeal. *Smith v. Texas Co., supra; Davis v. Wallace, supra.*

2. When an appeal is taken from the general county court to the Superior Court for errors assigned in matters of law, as authorized by C. S., 1608 (cc), and the judgment of the general county court is affirmed by the Superior Court, it follows that each and all of the exceptions, properly presented, were overruled; hence, in assigning errors on appeal to the Supreme Court, it is necessary for appellant to bring forward such of the rulings—but only such as he deems erroneous in accordance with the requirements of Rule 19 (3) of the Rules of Practice in the Supreme Court. *Bakery v. Ins. Co.,* 201 N. C., 816, 161 S. E., 554; *Smith v. Texas Co., supra; Harrell v. White, post,* 409.

Speaking generally to the subject in *Baker v. Clayton,* 202 N. C., 741, 164 S. E., 233, it was said:

"It is provided by 3 C. S., 1608 (cc), that appeals in civil actions may be taken from the general county court to the Superior Court of the county in term time for errors assigned in matters of law 'in the same manner as is now provided for appeals from the Superior Court to the Supreme Court'; and from the judgment of the Superior Court an appeal may be taken to the Supreme Court 'as is now provided by law.' This means that in hearing civil cases on appeal from the general county court, the Superior Court sits as an appellate court, subject to review by the Supreme Court. *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735.

"On appeal to this Court, it is neither essential nor desirable that the entire record in the Superior Court should be sent up, but only such parts thereof as may be necessary to present the questions sought to be reviewed. Rule 19 (1); *Hilton v. McDowell,* 87 N. C., 364; *Sigman v. R. R.,* 135 N. C., 181, 47 S. E., 420. In other words, the record on appeal to the Superior Court from the judgment of the county court is not, and, except perhaps in rare instances, *e. g.,* nonsuit or demurrer, ought not to be made the record on appeal to the Supreme Court. *Smith v. Texas Co.,* 200 N. C., 39, 156 S. E., 160; *Davis v. Wallace,* 190 N. C., 543, 130 S. E., 176. The purpose of the 'case on appeal' is to set forth clearly and succinctly the matters assigned as error. *Mfg. Co. v. Barrett,* 95 N. C., 36.

"Objections, which, upon reflection, can readily be seen to have no substantial merit, should be omitted from appellant's assignments of error (*Thompson v. R. R.,* 147 N. C., 412, 61 S. E., 286), and only such

rulings of the Superior Court as are challenged should be brought for-
ward, in accordance with Rule 19 (3), for consideration by the Supreme
Court. *Porter v. Lumber Co.*, 164 N. C., 396, 80 S. E., 443. 'In this
way the scope of our inquiry is narrowed to the identical points which
the appellant thinks are material and essential, and the Court is not
sent scurrying through the entire record to find the matters complained
of.' *Byrd v. Southerland*, 186 N. C., 384, 119 S. E., 2." See, also,
*Kindler v. Cary*, 203 N. C., 807, 167 S. E., 226, and *McMahan v. R. R.*,
203 N. C., 805, 167 S. E., 225.

Let the judgment of the Superior Court be vacated and the cause
remanded for further proceedings not inconsistent herewith.

Error and remanded.