N. H. FORESTER, D. E. SMOAK AND W. W. SMOAK, TRADING AS CENTRAL MOTOR COMPANY, v. LEONARD VYNE.

(Filed 9 January, 1929.)

**Appeal and Error—Assignment of Errors—Necessity Therefor.**

In order to sustain an appeal on the ground of the alleged failure of the judge to examine the evidence taken before a referee with a view to coming to his own conclusions before confirming the report, this fact must be made to appear, and exceptions thereto properly taken, it being required of the appellant to show error on appeal.

APPEAL by defendant from *Schenck, J.,* at June Term, 1928, of WILKES.

Civil action for an accounting and to recover amount which plaintiffs allege the defendant is indebted to them by reason of the sale of certain automobiles made under contract for the mutual account and benefit of plaintiffs and defendant.

As the case involves a long accounting, it was referred under the statute to Hon. W. C. Newland, who found the facts and reported the same, together with his conclusions of law, to the court, holding that plaintiffs were entitled to recover of the defendant the sum of $1,497.39 with interest and costs.

Exceptions were duly filed to the report of the referee, all of which were overruled, and the report was approved by the judge of the Superior Court; judgment was thereupon entered in favor of the plaintiff,

from which the defendant appeals, assigning error as follows: "The first and only exception was to the signing of the judgment of his Honor, Michael Schenck."

Frank D. Hackett and J. H. Burke for plaintiffs.
John R. James, J. H. Whicher and J. M. Brown for defendant.

STACY, C. J. The defendant contends in his brief that under the decision in Thompson v. Smith, 156 N. C., 345, 72 S. E., 379, the judgment should be vacated because the judge did not examine the evidence with a view to forming his own conclusions, but simply adopted the report of the referee, as there was some evidence to support the referee's finding of fact. In answer to this position, it is sufficient to say that the same is not apparent from the record and the question is not presented by any assignment of error.

The burden is on the appellant to show error; it is not presumed. Jones v. Candler, ante, 382; In re Ross, 182 N. C., 477, 109 S. E., 365.

Affirmed.