VIRGINIA C. BAILEY, BY HER NEXT FRIEND, JOHN C. BAILEY, JR., v. JOHN A. McKAY, JOHN A. McKAY MANUFACTURING COMPANY AND D. R. McDONALD.

(Filed 30 April, 1930.)

**1. Highways B i—Evidence of negligence in driving on highway held insufficient to disturb judgment of nonsuit.**

Where the entire evidence in an action to recover damages for injuries received by plaintiff from being struck, while crossing a village street, by reason of the alleged negligence of the driver of the defendant's auto-

truck, is to the effect that the plaintiff negligently stepped in front of the truck in such manner as to make the accident unavoidable, except the testimony of the plaintiff's witness, who did not see the accident, that he saw the truck being driven at a speed of forty-five miles an hour, indefinite as to the exact time and the distance from the plaintiff, is insufficient on appeal to disturb the judgment as of nonsuit.

2. **Appeal and Error J d—The burden of showing error is upon the appellant.**

Upon an appeal to the Supreme Court, the burden of showing error in the judgment of the Superior Court is upon the appellant.

APPEAL by plaintiff from *Moore, J.,* at October Term, 1929, of STOKES.

Civil action to recover damages for an alleged negligent injury caused by a Chevrolet truck, owned by John A. McKay Manufacturing Company, and operated at the time by D. R. McDonald, striking the plaintiff, knocking her down and inflicting serious injury, while she was walking diagonally across the main public thoroughfare in the residential section of the village of Walnut Cove.

The plaintiff relies upon the following evidence of S. C. Lewellyn, driver of the school bus, for a reversal of the judgment of nonsuit entered at the close of all the evidence:

"I saw the car approaching that struck Virginia Bailey. I saw it coming down the road here (indicating on map point at cross-road). I have an opinion satisfactory to myself as to how fast the car was going. It was going about forty-five miles an hour. It was going south along the road about forty-five miles an hour. I did not hear the car hit Virginia. I stopped at the filling station to get some gas. Mr. Nelson said there was some one hurt over there."

The evidence for the defendant, that offered directly as well as that elicited on cross-examination, tends to show that the plaintiff, while looking backward or sidewise, stepped on the hard surface, five or six feet in front of the truck, when it was running not more than fifteen miles per hour, and that the accident was unavoidable.

From the judgment of nonsuit plaintiff appeals, assigning errors.

*Efird & Lüpfert and J. D. Humphries for plaintiff.*
*King, Sapp & King for defendants.*

STACY, C. J., after stating the case: The testimony of S. C. Lewellyn, the only evidence upon which the plaintiff relies for a reversal of the judgment of nonsuit, falls short of the desired purpose on appeal, because of its indefiniteness and uncertainty. The distance of the car from the scene of the accident, when the witness saw it and observed its speed, is not stated, nor is it determinable from the record. The plain-

tiff says, however, that the testimony of this witness, with its reasonable inferences and intendments, is sufficient to carry the case to the jury under the principle announced in *Ledbetter v. English,* 166 N. C., 125, 81 S. E., 1066, and many other cases, while the defendants contend otherwise. We are unable to perceive from the record any error in the judgment.

The burden is on appellant to show error; it is not presumed. *Forester v. Vyne,* 196 N. C., 477, 146 S. E., 146; *Jones v. Candler,* 196 N. C., 382, 145 S. E., 691; *In re Ross,* 182 N. C., 477, 109 S. E., 365.

Affirmed.