## J. G. CHAMBERS v. WILLIAM BASS.

(Filed 28 October, 1931.)

APPEAL by plaintiff from *Devin, J.,* at April Term, 1931, of PERSON.

Civil action to enforce agricultural lien in the sum of $149.74 for supplies sold and delivered. The defendant pleaded payment in full and overpayment to the amount of $4.15, for which counterclaim was set up.

Verdict and judgment for the defendant for the amount of his counterclaim, from which the plaintiff appeals, assigning errors.

*B. I. Satterfield for plaintiff.*
*Nathan Lunsford for defendant.*

PER CURIAM. There is no valid exceptive assignment of error appearing on the record. The verdict and judgment will be upheld.

No error.

---

## C. E. POINDEXTER v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 28 October, 1931.)

**Appeal and Error J d—Burden of showing error is on appellant.**

The burden of showing error on appeal is on the appellant, it being presumed that the judgment of the lower court is correct, and where the appellant fails to overcome this presumption the judgment will be affirmed.

APPEAL by plaintiff from *Cranmer, J.,* at July Term, 1931, of LEE.

Civil action to recover damages for an alleged negligent burning of about 35 acres of plaintiff's plantation and timber land.

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals.

*H. M. Jackson for plaintiff.*
*Robinson, Downing & Downing for defendant.*

PER CURIAM. The plaintiff on his appeal to this Court has failed to overcome the presumption against error. The testimony of his witnesses falls short of the desired result on appeal, because of its indefiniteness and uncertainty as to the origin of the fire.

The burden is on appellant to show error. It is not presumed. *Jackson v. Bell, ante,* 336; *Bailey v. McKay,* 198 N. C., 638, 152 S. E., 893.

Affirmed.