MRS. MARY H. TUTTLE v. J. W. BELL and MARVIN G. PORTER.

(Filed 14 September, 1932.)

1. **Trial D a—On motion of nonsuit all evidence is to be considered in light most favorable to plaintiff.**

    On a motion as of nonsuit all the evidence, whether offered by the plaintiff or elicited from the defendant's witnesses, is to be considered in the light most favorable to the plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

2. **Highways B k—Nonsuit in guest's action is proper when evidence shows that injury was proximately caused by negligence of third person.**

    Where, in an action by a guest in an automobile to recover damages from the owner thereof, the evidence tends to show that the accident in suit occurred when the defendant's car was a little beyond the middle of the intersection of two streets and that the accident was proximately caused by the negligence of the driver of another car in greatly exceeding the speed limit at the intersection and hitting the defendant's car from the right, and that the defendant's car was being driven at a moderate speed, *is held* insufficient to be submitted to the jury, and evidence that the one driving the defendant's car with his permission slowed down immediately before the impact and that the driver of the other car attempted to avoid the collision by bearing to the right is insufficient to alter this result.

**3. Trial D a—Mere scintilla of evidence, raising only suspicion or conjecture, is insufficient to be submitted to the jury.**

   A mere scintilla of evidence, raising only a suspicion, conjecture, guess, or speculation as to the issue to be proven is insufficient to take the case to the jury.

**4. Appeal and Error J e—Exclusion of evidence will not be held for reversible error when evidence is insufficient to overrule nonsuit.**

   The exclusion of evidence which, if competent, would not be sufficient to take the case to the jury when considered with the other evidence in the case, will not be held for error.

APPEAL by plaintiff from *Sinclair, J.,* at January Term, 1932, of PASQUOTANK. Affirmed.

The following judgment was rendered in the court below: "This cause coming on to be heard, and being heard by the court and a jury, and the defendant Marvin G. Porter, having moved, when plaintiff rested her case, for judgment as of nonsuit, and the same having been overruled, and the said Marvin G. Porter at the conclusion of all the testimony, having again moved for judgment as of nonsuit, and the court being of the opinion that the said defendant, Marvin G. Porter, is entitled thereto, it is—Ordered, decreed and adjudged that judgment of nonsuit against the plaintiff, and in favor of the said Marvin G. Porter be, and the same is hereby, entered and judgment given in favor of said Marvin G. Porter, and against the said Mary H. Tuttle, and the surety on her prosecution bond, G. F. Horner, for his costs in this action, to be taxed by the clerk. Judgment is hereby entered accordingly. A judgment by default and inquiry having been heretofore entered in this cause against defendant, J. W. Bell, for want of an answer to the duly verified and filed complaint, the court proceeded to submit the inquiry to the jury who made answer thereto as follows: Issue: What damage, if any, is plaintiff entitled to recover? Answer: $30,000. It is further considered and adjudged that plaintiff recover against defendant, J. W. Bell, $30,000, and the costs of this action to be taxed by the clerk of this court."

To the foregoing judgment of nonsuit as to the defendant Marvin G. Porter, the plaintiff excepted, assigned error and appealed to the Supreme Court.

*Ehringhaus & Hall for plaintiff.*
*Hughes, Little & Seawell and Worth & Horner for defendant.*

CLARKSON, J. The questions presented on this appeal: (1) Was there sufficient evidence of actionable negligence as to defendant Porter? (2) Did the court err in excluding certain testimony offered by plaintiff

as a witness in her own behalf? Both questions must be answered in the negative.

This automobile collision was before this Court in the case of *Jackson v. Bell,* 201 N. C., 336. In that case this Court said: "Without detailing the evidence it is sufficient to say that it falls short of making out a case against the defendant Porter. At least, the appellant, who is required to handle the laboring oar, has failed to overcome the presumption against error. *Bailey v. McKay,* 198 N. C., 638, 152 S. E., 893."

Plaintiff contends that in this action there is sufficient evidence of actionable negligence. From a careful review of the evidence we cannot so hold.

It is the well settled rule of practice and accepted position in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support his cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

The evidence on the part of plaintiff was to the effect that defendant, Marvin G. Porter, was the owner of a Pontiac roadster which had the top down, and it had a rumble seat. It was about 12 feet long. It was being driven by Beverly Woolard, with Porter's permission. Woolard was at the wheel, Verdie Heath was next to Woolard and Grover Jones was next to her, all on the front seat. Plaintiff was sitting in the rumble seat on the right-hand side and the defendant was sitting beside her on the left-hand side. On Sunday evening, about five o'clock, 25 May, 1930, the plaintiff, Mary H. Tuttle was walking down the street in Elizabeth City, N. C., with Verdie Heath and they were asked to go riding, in defendant Porter's car, which they did, and were riding around for pleasure. Church Street runs east and west and Selden Street runs north and south and crosses Church Street at right angles, Selden and Church streets at the intersection are about 38 feet from curb to curb. The car, driven by Woolard, was traveling south on Selden Street to Church Street. Plaintiff testified: "The automobile collision we are inquiring into occurred a *little beyond the center of Church Street,* at its intersection with Selden Street. . . . When Woolard drove into Church Street the defendant, Porter, *told me to look at that fool and pointed his finger at the oncoming Bell car.* I turned around and looked and saw him *coming at a terrific rate of speed down Church Street,* he was coming on his right side of Church

Street. When I looked the car in which I was riding sort of slowed down. *He was going slow, anyway,* and he slowed down and the car hit us. I don't remember our car coming to a complete stop. The right-hand side of the car in which I was riding was struck by the Bell car. That was the side I was sitting on. . . . Bell's car was bearing to the right at the time he struck us. . . . We were in the intersection when Porter said 'Look at that fool.' Just when he spoke these words and when we were in the intersection was when I noticed the car in which I was riding slowing down. . . . It was not going fast to start with, it was going about 20 miles an hour, and that is not a fast rate of speed. That is slow driving. . . . I first saw the Bell car when we were about in the center of the street, when Marvin told me to look at that fool. Prior to that I had not seen it. . . . What I could have seen if I had been looking is more than I know, because I did not have any idea. We had gotten about in the middle of Church Street, as near as I remember, when we saw the Bell car coming. *Beverly Woolard was driving slowly.* I felt a slackening of our car just for an instant. When it slackened we were hit. We were hit almost instantly. . . . The Bell car was a Ford roadster and the top was down and I would say it was coming *at least forty miles an hour.* . . . I went across on the southeast side of Church Street and Selden Street and looked at those telephone poles. I saw a scar on the telephone poles, but what made it—*I could imagine that our car did it in the wreck.* I don't know."

From a careful review of the evidence, we think the sole proximate cause of plaintiff's injury was the Bell car, running at least 40 miles an hour, striking the Porter car. The plaintiff's evidence in a "nut shell" was that "Beverly Woolard was driving slowly." The "fool," as the driver of the Bell car was termed, according to plaintiff's testimony, was "coming at a terrific rate of speed down Church Street . . . At least 40 miles an hour."

"Mere scintilla of evidence, or evidence arising only on suspicion, conjecture, guess, surmise or speculation, is insufficient to take a case to the jury." *Shuford v. Brown,* 201 N. C., at p. 25.

From the view we take of this case, the evidence excluded and for which exceptions and assignments of error were made, if competent, would be insufficient with the other evidence in this case to take the case to the jury. For the reasons given, the judgment of the court below is

Affirmed.